In the Matter of ELIZABETH D., a Child Alleged to be Abused. ONEIDA COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant. EUGENE D., Respondent.

Fourth Department, July 7, 1988

### APPEARANCES OF COUNSEL

*V. Michael Liccione* for appellant.

*Legal Aid Society for Mid-New York, Inc. (Evans, Severn, Bankert & Peet* of counsel *[Thomas F. O'Donnell* on the brief]), for respondent.

*Paul B. Heintz, Law Guardian.*

### OPINION OF THE COURT

BOOMER, J.

■ ■ The petition in this child protective proceeding (Family Ct Act art 10) alleges that the father sexually abused his infant daughter. At the fact-finding hearing, the evidence of sexual abuse came from the unsworn testimony of the child, who was almost seven years of age, and the out-of-court statements of the child testified to by two caseworkers employed by the Oneida County Department of Social Services. At the conclusion of the hearing, the court dismissed the petition for insufficiency of the evidence. The court ruled that CPL 60.20, which requires corroboration of unsworn testimony in criminal actions, applies to child protective proceedings and thus the unsworn and uncorroborated testimony of the child was insufficient to support a finding of abuse. It ruled further that the unsworn testimony of the child could not serve as corroboration of her out-of-court statements and that the out-of-court statements were not otherwise corroborated as required by Family Court Act § 1046 (a) (vi). We disagree with the court's rulings and we hold that the unsworn testimony of a child in a child protective proceeding does not require corroboration and that the unsworn testimony of the child may serve to corroborate the child's out-of-court statements.

I

CPL 60.20, which requires corroboration of unsworn testimony, expressly refers to testimony in a criminal proceeding. Obviously, a child protective proceeding is not a criminal proceeding as that term is defined in the Criminal Procedure Law (see, CPL 1.20 [18], [16]). That does not end our analysis, however, because we must next determine whether the use of unsworn testimony to support a finding of abuse in a child protective proceeding conflicts with the provisions of the State and Federal Constitutions.

It has been held that, to the extent that Family Court Act § 152 permits the admission of unsworn and uncorroborated testimony of minors in juvenile delinquency proceedings, it violates the Equal Protection Clause of the State and Federal Constitutions. To permit unsworn and uncorroborated testimony in juvenile delinquency proceedings would discriminate against minors because unsworn testimony in adult criminal proceedings must be corroborated (see, Matter of Steven B., 30 AD2d 442). Douglas J. Besharov in his Practice Commentary (McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 152, at 85) explains: "What seems to have emerged from court practice is a somewhat narrowed version of this provision, that is: the unsworn testimony of minors is admissible in all Family Court proceedings, but in those proceedings that are at least 'quasi-criminal' in nature, probably only delinquency and supervision proceedings [see In re Gregory W., 19 N.Y.2d 55 * * *], such unsworn testimony must be corroborated in accordance with the requirements of the Criminal Procedure Law" (emphasis added).

The question is whether a child protective proceeding is "quasi-criminal" in nature, thus requiring corroboration of the unsworn testimony of minors. Judge Simons, in his opinion in Matter of Nicole V. (71 NY2d 112, 117, rearg denied sub nom. Matter of Francis Charles W., 71 NY2d 890), has indicated that a child protective proceeding is not quasi-criminal:

"Child protective proceedings do not, of themselves, permanently sever parental rights or result in criminal sanctions. They are civil in nature and a finding of abuse or neglect need only be supported by a preponderance of the evidence (Family Ct Act § 1046; Matter of Tammie Z., 66 NY2d 1, 3) * * *

"Because the accused parent is not subject to criminal sanctions in a child protective proceeding, the Legislature has

provided that the usual rules of criminal evidence do not apply."

■ Thus, because child protective proceedings are not criminal in nature, the use therein of unsworn testimony of minors without corroboration does not violate the Equal Protection Clause of the State and Federal Constitutions.

Further, because these proceedings do not result in termination of parental rights and the governmental interest in protecting abused children outweighs the interest of the parents, the use of unsworn testimony without corroboration does not deprive the parents of due process *(see, Matter of Nicole V., supra; Matter of Tammie Z.,* 66 NY2d 1). In many cases, the only available evidence of child abuse may come from the testimony of the abused child and, as here, the child's testimony may be persuasive and uncontroverted. A failure of proof because of the inability to corroborate the testimony of the child results in the dismissal of the petition, which "may have disastrous consequences" *(see, Matter of Tammie Z., supra,* at 5).

## II

■ In addition to the child's unsworn testimony, the court heard testimony from witnesses of previous statements made by the child. Family Court Act § 1046 (a) (vi) provides that previous out-of-court statements of a child are admissible in evidence but are not sufficient to support a finding of abuse or neglect unless corroborated. Here, the unsworn testimony of the child in court was sufficient to corroborate her previous statements. The previous out-of-court statements of a child may be corroborated by "[a]ny other evidence tending to support the reliability of the previous statements" (Family Ct Act § 1046 [a] [vi]). "The policy served by requiring corroboration of a victim's out-of-court statements in a child protective proceeding is to assure that a fact-finding determination is not being made on the basis of hearsay evidence alone." *(Matter of Ryan D.,* 125 AD2d 160, 165.) As Judge Simons wrote in *Matter of Nicole V.* (71 NY2d 112, 118, *supra):* "[c]orroboration is not required because statements of children are generally unreliable but because the out-of-court statements are hearsay and the statute requires some further evidence to establish their reliability".

Because a child's out-of-court statements require corroboration only because they are hearsay and not because the

testimony of a child is deemed unreliable, there is no reason why the testimony of the child should not be used to corroborate the hearsay statements. The argument that the in-court statements of a child should not be used to corroborate the same statements made out of court is not sound. It is not the child's statements themselves that call for corroboration to establish their reliability; it is the hearsay nature of those statements that calls for corroboration. What better way is there to confirm the reliability of hearsay statements than to obtain the testimony in court of the person who made the statements?

## III

██ Based on the unsworn testimony of the child and the out-of-court statements as corroborated by her testimony, we find that on at least three occasions, not long before December 9, 1985, the date the child went into a foster home, respondent sexually abused his six-year-old daughter by touching her vagina with his penis and ejaculating upon her. We determine, therefore, that the child is an abused child within the meaning of Family Court Act § 1012 (e) (iii), and we remit the proceeding to Family Court for a dispositional hearing.

DENMAN, J. P., PINE, BALIO and DAVIS, JJ., concur.

Order unanimously reversed, on the law and facts, without costs, and matter remitted to Oneida County Family Court for further proceedings, in accordance with opinion by BOOMER, J.