OPINION OF THE COURT
Kaye, J.
In a child protective proceeding under article 10 of the Family Court Act (the Child Protective Proceedings Act), a child’s out-of-court statements describing sexual abuse by her father may be corroborated by the child’s later cross-examined but unsworn in-court testimony, so as to support a fact finding of abuse.
This proceeding was instituted by the Onondaga County Department of Social Services Child Protective Division, seek *534 ing a finding that respondent had abused his daughter, Christina, then five years old, and that his son, Robert, age two, was in danger of being abused. At a fact-finding hearing, Detective Antonello of the County Sheriffs Department testified that, in an interview, Christina told him that respondent had done "bad things” to her — that he had awakened her, carried her from her bedroom downstairs to the living room, had her remove her clothing and touched her vagina, and also that she had seen him masturbating in the bathroom. Detective Antonello further testified that, when given anatomically correct dolls, Christina positioned them to indicate the contact she had described. Petitioner agency additionally offered the testimony of the mother and a police officer who had interviewed respondent. The officer testified that respondent told him of two occasions when Christina had grasped her father’s hand and placed it on her vagina. Two writings were received in evidence — a handwritten note of "apology” by respondent to Christina, and respondent’s affidavit describing the two hand-to-vagina contacts he said were initiated by the child.
As part of petitioner’s case, five-year-old Christina testified in Chambers. By agreement of the parties, the examination was conducted outside both parents’ presence, though their counsel attended. Without preliminary inquiry or objection, no oath was administered to the child. In extensive direct and cross-examination Christina testified that her father "did some bad things” to her, and she recounted — in greater detail, and with some inconsistency from her earlier reported statements —substantially the same incidents she had related to Detective Antonello. Testifying in his own behalf, respondent denied any abuse, specifically denied the incidents of which Christina spoke, and described the two hand-to-vagina contacts set forth in his affidavit.
Family Court concluded that Christina’s in-court testimony corroborated her earlier statements to Detective Antonello, and that this evidence constituted a prima facie case of child abuse under Family Court Act § 1046 (a) (vi). In accepting the testimony as sufficient corroboration, the court noted that it "had an opportunity in this case to make observations of the child as she told her story, and found that the child appeared credible * * * and thus now accepts such statements as corroboration sufficient under the statute.” (135 Misc 2d 495, 500.) The court further concluded from a review of the entire record that petitioner had established by a preponderance of the evidence that Christina was an abused child. The court *535 termed the child’s testimony credible and respondent’s testimony unpersuasive; it set out the evidentiary basis for its holding the child’s account derived from fact and not from her mother’s coaching; and it observed that "the variance between [respondent’s] version and the child’s [was] too great to be explained away by an inference from this record that the child had been coached to the extent that would have been necessary to enable her to sustain such an elaborate fabrication.” (Id., at 501.)
By stipulation, a dispositional order was entered releasing the children to the mother’s custody, under petitioner’s supervision, and providing for supervised visits by respondent for a period of 18 months, together with other relief. The Appellate Division unanimously affirmed, without opinion, citing in its entry Matter of Elizabeth D. (139 AD2d 66).
Since enactment of the Family Court Act, courts have struggled with the issue of corroboration (Matter of Christina F., 135 Misc 2d, at 498). In cases of sexual abuse of children in family settings — tragically today a major public concern — the issue of corroboration has been especially troubling. Such abuse typically occurs in secret with the child-victim as the only witness; the child may be reluctant or unable to testify; and erroneous dismissal of the petition can have disastrous consequences (Matter of Nicole V., 71 NY2d 112, 117; Matter of Tammie Z., 66 NY2d 1, 5; Matter of Elizabeth D., 139 AD2d 66, 69, supra). Consequently, whether the victim’s statements require corroboration, and what may serve as corroborative evidence (if required), often become questions of central significance.
This case calls upon us to determine one aspect of the issue, in a child protective proceeding. As the parties have posited the question, we are asked whether a child’s in camera unsworn but cross-examined testimony can be used to corroborate her previous out-of-court statements, to make a prima facie case of abuse, where there is no other corroborative evidence in the record. We conclude, like Family Court and the Appellate Division, that such use of the child’s testimony was permissible (see also, Matter of Elizabeth D., 139 AD2d 66, supra; Matter of Tina H., 123 AD2d 864).
As we recently noted in Matter of Nicole V. (71 NY2d, at 117, supra), a general objective of the Child Protective Proceedings Act was to alleviate certain difficulties inherent in proving the sexual abuse of children in family settings. In *536 particular, in 1985 the Legislature amended Family Court Act § 1046 (a) (vi) to make clear that the corroboration requirements of the criminal law are not applicable in article 10 proceedings, which are civil in nature (id., at 118; see also, Family Ct Act § 1012 [e] [iii]). Section 1046 (a) (vi) provides that, in any hearing under article 10, previous statements of the child relating to allegations of abuse shall be admissible, but are insufficient for a fact finding of abuse unless corroborated. The 1985 amendment of the section added its own broad definition of corroboration. Corroboration, for purposes of article 10 proceedings, is defined to mean "[a]ny other evidence tending to support the reliability of the previous statements, including, but not limited to the types of evidence defined in this subdivision”. (Family Ct Act § 1046 [a] [vi].)
In determining whether the statute has been satisfied in this case, it is useful to return to the purpose of the corroboration requirement. Corroboration of a child’s out-of-court hearsay statements in child protective proceedings is needed not because the "statements of children are generally unreliable but because the out-of-court statements are hearsay and the statute requires some further evidence to establish their reliability.” (Matter of Nicole V., 71 NY2d, at 118, supra; see also, Matter of Lydia K., 67 NY2d 681.) Whether or not proffered corroborative testimony actually "tend[s] to support the reliability of the previous statements” in a particular case is a fine judgment entrusted in the first instance to the Trial Judges who hear and see the witnesses. In individual cases, "Family Court Judges presented with the issue have considerable discretion to decide whether the child’s out-of-court statements describing incidents of abuse or neglect have, in fact, been reliably corroborated and whether the record as a whole supports a finding of abuse.” (Matter of Nicole V., supra, at 119.)
While the facts presented would appear to fit comfortably within the language of the statute — Christina’s out-of-court hearsay statements are admissible evidence, and they are supported or "corroborated” by her in-court testimony — respondent insists that corroboration of necessity is something other than the child’s repetition of her own previous statements. In aid of this contention he points to Nicole V., where we said that "repetition of an accusation by a child does not corroborate the child’s prior account of it.” (71 NY2d, at 123, supra.)
Nothing in the broad, inclusive definition of corroboration *537 contained in section 1046 (a) (vi) forecloses use of the child’s own testimony to corroborate her prior statements. With the purpose of the corroboration requirement being the need to buttress hearsay evidence — and not any inherent untrustworthiness of children’s statements — it should be clear that a child’s own aticount cannot be categorically ruled out as corroboration if it is given in circumstances that tend to add to the reliability of the hearsay evidence.
Nor does the cited passage from Nicole V. support respondent’s contention. The issue being addressed there was whether out-of-court hearsay statements of a child to a Deputy Sheriff, to his foster father, and again in an affidavit could cross-corroborate each other, and applying the natural meaning of Family Court Act § 1046 (a) (vi) we concluded they could not. Merely replicating the out-of:court hearsay statements in other out-of-court hearsay settings obviously does nothing to enhance their trustworthiness or eliminate their inherent unreliability.
But that is not at all the situation here. The proffered corroborative evidence is of a distinctly different quality from the child’s previous statements. The corroborative evidence offered here was testimony in court, before a Judge and court reporter, with direct examination, cross-examination by respondent’s attorney, and additional questioning by both the court and the Law Guardian. As contrasted with the mere hearsay repetition of out-of-court hearsay statements having no greater indicia of trustworthiness, here respondent was able to test Christina’s veracity, the accuracy of her perceptions, and her ability to recollect past events. The circumstances, moreover, permitted the trial court to observe the child recount her experiences in an adversarial setting, and to conclude from its observations that the child’s testimony tended to support the reliability of her previous statements. While unsworn testimony might not in every case serve as corroboration, Family Court in this case acted well within its discretion in concluding that Christina’s out-of-court statements describing her father’s behavior were reliably corroborated by her in-court testimony.
Finally, based on the affirmed findings of Family Court, which are supported by the record, we conclude that petitioner not only made out a prima facie case but also satisfied its burden of sustaining the allegations by a preponderance of the evidence.
*538 Accordingly, the order of the Appellate Division should be affirmed, without costs.
Chief Judge Wachtler and Judges Simons, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed, without costs.