In the Matter of JAMIE LYNN S. and Another, Children Alleged to be Abused or Neglected.—Order unanimously reversed on the law without costs, petition granted and matter remitted to Monroe County Family Court for further proceedings, in accordance with the following memorandum: In this child protective proceeding under article 10 of the Family Court Act, respondent father is alleged to have sexually abused his 3½-year-old daughter and to have neglected his 5-year-old daughter. Family Court, after a fact-finding hearing,

found that the petition had not been sustained by a preponderance of the evidence as against the respondent and dismissed the petition.

As a general rule we give considerable deference to the trial court in its appraisal of the credibility of witnesses *(Matter of Irene O.*, 38 NY2d 776, 777). However, upon our independent factual review of the record in this case, we conclude that the preponderance of the credible evidence supports the petition *(see, Matter of James P.*, 150 AD2d 240; *Matter of Ryan D.*, 125 AD2d 160, 169).

The evidence at the fact-finding hearing established that on July 16 or 17, 1989, as a teen-age baby-sitter was giving the 3½ year-old child a bath, she observed the child attempting to put a bar of soap into her vagina. When she told the child not to do this, the child asked why it was wrong, prompting the baby-sitter to inquire whether anyone had ever done such a thing to her before. The child then started crying and told the baby-sitter that she should ask her older sister. She did so and the older sister said yes and described an incident which occurred at their father's house while respondent father was changing soiled training pants. She related that she had seen her father sticking a pencil into the infant's vagina. The baby-sitter promptly reported this to the children's mother. The 3½-year-old child then told her mother that "her daddy" had put a pencil and a dog toy inside her vagina. Both the baby-sitter and the child's mother had noticed a redness or irritation in the child's vaginal area after she had returned from a July 2nd visit with her father. After this visit, the child was also acting "kind of inward", was not her usual playful self, was having nightmares in which her father was hurting her and was rubbing her vagina with her hands. The mother took the 3½ year old to a pediatrician for a physical examination. The doctor testified that he examined the infant on July 18, 1989 and found that she had a circular lesion of the vagina, which had a regular border of about an inch or an inch and a quarter in diameter, which was red and swollen. He also testified that in his professional opinion, this condition was caused by the attempted insertion of a circular object of some kind into the child's vagina and testified that it was doubtful that the child would have inflicted such an injury upon herself in view of the painful nature of the injury.

Both girls were separately interviewed by a therapist employed by Family Services of Rochester, and gave similar accounts of respondent father inserting a pencil and a dog toy into the child's vagina and demonstrated this on anatomically

correct dolls. The victim's out-of-court statements were further corroborated by the validation testimony of the psychiatric social worker who interviewed both girls. Respondent father testified in his own defense and denied that he had sexually abused his daughter. Significantly, however, both respondent and his mother acknowledged that respondent had taken the child into the bathroom of respondent's parents' home to change her pants on the evening of July 2, 1989.

We find the evidence in support of the petition to be compelling. Since the preponderance of the credible evidence supports the petition, Family Court erred in dismissing it. Thus, we reverse, grant the petition and remit the matter to Family Court for an appropriate dispositional hearing *(see, Matter of James P., supra; Matter of Ryan D., supra).* (Appeal from order of Monroe County Family Court, Maas, J.—child abuse.) Present—Callahan, J. P., Denman, Pine, Balio and Lawton, JJ.