■ In the Matter of CHIANTI FF. and Others, Alleged to be Abused and Neglected Children. CHEMUNG COUNTY DEPARTMENT OF SOCIAL SERVICES et al., Respondents; BENJAMIN GG., Appellant.—Levine, J. Appeal from an order of the Family Court of Chemung County (Danaher, Jr., J.), entered July 29, 1987, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondents' children to be abused and neglected.

Respondents, Benjamin GG. (hereinafter Benjamin) and

Donna FF. (hereinafter Donna), were accused in an amended petition filed by petitioner in May 1987 of abuse and neglect of their child, Benjamin GG., Jr. (hereinafter Benjamin, Jr.), born June 22, 1983, and Donna's daughter, Chianti FF. (hereinafter Chianti), born August 8, 1980. The amended petition specifically alleged, *inter alia,* that the children were abused because Benjamin had attempted vaginal intercourse with Chianti and Donna had knowledge of this. Respondents denied the allegations set forth in the amended petition and a hearing was held in June 1987.

Following the hearing, Family Court adjudged both Chianti and Benjamin, Jr. to be abused and neglected children. The court ordered that the children be placed in petitioner's custody for 18 months and ordered that respondents remain under petitioner's supervision for a period of up to 18 months under certain terms and conditions. Only Benjamin appeals from the order of disposition.

Benjamin challenges the sufficiency of the evidence adduced to corroborate Chianti's hearsay statements that she had been sexually abused by him. Petitioner's evidence consisted of the testimony of Donna Guinane, a senior caseworker who had interviewed Chianti using anatomically correct dolls. Guinane testified to the detailed description Chianti gave of Benjamin's attempt to have sexual intercourse with her and Chianti's statement that "white food" came out of Benjamin's penis. In addition, there was expert testimony by a clinical social worker regarding behavioral patterns common to children who have been sexually abused and other testimony indicating that Chianti exhibited many of these traits. The foregoing evidence is similar to that considered by the Court of Appeals in *Matter of Nicole V.* (71 NY2d 112, 119-122) and held to be sufficient corroboration of a child's out-of-court statements under Family Court Act § 1046 (a) (vi). Likewise, we conclude that Family Court could properly find this evidence corroborative of Chianti's hearsay statements and that the allegations of sexual abuse had been proven by a preponderance of the evidence *(see, supra,* at 119).

There was also sufficient evidence of physical abuse of Benjamin, Jr. and neglect of both children. Benjamin's own testimony, in which he admitted that he caused bruises on Donna by throwing or shoving Benjamin, Jr. at her when the child was only 14 months old, was enough to permit Family Court to find that Benjamin was abused under Family Court Act § 1012 (e) (ii). In addition, the testimony of excessive corporal punishment, improper supervision and inappropriate

clothing for Chianti was essentially uncontroverted and adequate to sustain a finding of neglect. We have considered Benjamin's remaining contentions and find them equally unavailing.

Order affirmed, without costs. Mahoney, P. J., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.