■ In the Matter of DANIEL TT. and Another, Alleged to be Abused and Neglected Children. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JOHN TT., Appellant.— Harvey, J. Appeal from an order of the Family Court of Tompkins County, entered January 24, 1990, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's children to be abused and neglected.

Respondent was accused in a petition filed by petitioner in August 1989 of child abuse and neglect of his son Daniel, born June 14, 1983, and his daughter Ashley, born November 4, 1986. The petition alleged that respondent physically and sexually abused Ashley, that this abuse occurred in the presence of Daniel and that these circumstances also constituted neglect of the two children. Respondent denied the allegations and a hearing was held in December 1989. At the conclusion of the fact-finding hearing, Family Court rendered a decision and order granting the petition. A dispositional hearing was subsequently held after which it was ordered that respondent participate in therapy, that the children receive counseling, and that any visitation between respondent and the children be supervised and take place only when approved by petitioner and the children's therapist. This appeal by respondent followed.

Initially, we reject respondent's argument that insufficient evidence was adduced to corroborate Daniel's hearsay statements that respondent had sexually abused Ashley in his presence.[1] Petitioner's evidence consisted of testimony from the children's mother, the child protection investigator, Daniel's teacher and a certified social worker/family therapist. The children's mother testified that Ashley would return from visiting respondent with a red, swollen, sore and even bleeding genital area, which she originally attributed to diaper rash. One time the baby was returned with large visible bruises on her buttocks (photographs of which were submitted into evidence at the hearing). The mother also testified that Daniel had told her that he had seen respondent "playing" with Ashley's genitals and that respondent told him that he would go to jail if Daniel told anyone. Daniel's kindergarten teacher testified that Daniel's behavior changed from easygoing to aggressive. Additionally, she stated that on one occasion Daniel touched a classmate's genital area and, after he was

---

1. Ashley herself was too young at the time of the incident to be assessed by a therapist.

reprimanded, told her he had learned this from his father. This evidence, combined with the expert validation testimony of Daniel's social worker/family therapist, provided ample corroboration of Daniel's hearsay statements under Family Court Act § 1046 (a) (vi) *(see, Matter of Nicole V.,* 71 NY2d 112, 122; *Matter of Chianti FF.,* 163 AD2d 688; *Matter of Beverly WW.,* 159 AD2d 802).

Respondent's remaining arguments have been examined and have been found to be unavailing. We find no abuse of discretion on the part of Family Court in denying two motions by respondent for preclusion following petitioner's delay in producing a bill of particulars.[2] The error does not appear to have been made in bad faith and respondent cites no prejudice that accrued to him. Accordingly, we see no reason not to afford petitioner some latitude in this child protective proceeding. As a final note, we disagree with respondent that there was insufficient evidence adduced to establish his intent to gratify his sexual desire *(see,* Penal Law § 130.00 [3]; § 130.65 [3]; *see also, People v Estela,* 136 AD2d 728, 729, *lv denied* 71 NY2d 895).

Order affirmed, without costs. Mahoney, P. J., Casey, Levine, Mercure and Harvey, JJ., concur.

2. Respondent incorrectly states that Family Court issued a conditional order of preclusion.