■ In the Matter of DANIELLE G. and Another, Children Alleged to be Abused and Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; GERARD ANTONIO C., Appellant, et al., Respondent.—In child abuse and neglect proceedings pursuant to Family Court Act article 10, the appeals are from (1) an order of fact finding and disposition of the Family Court, Suffolk County (Snellenburg, J.), entered April 14, 1989, which, after a hearing, found that Danielle G. was an abused child, and, *inter alia,* directed that the appellant undergo therapy, (2) an order of fact finding and disposition of the same court, entered April 14, 1989, which, after a hearing, found, as a consequence of the abuse of Danielle G., that Christina C. was a neglected child, and, *inter alia,* directed that the appellant undergo therapy, (3) an order of fact

finding and disposition of the same court, entered April 14, 1989, which found, on other grounds, and as against the appellant, that Danielle G. and Christina C. were neglected children, and, *inter alia,* directed that the appellant undergo therapy and (4) an order of fact finding and disposition of the same court, entered May 1, 1989, which, after a hearing, found, as against the appellant's wife, that Danielle G. and Christina C. were neglected children, and, *inter alia,* directed that she undergo therapy.

Ordered that the appeal from the order entered May 1, 1989 is dismissed, without costs or disbursements, as the appellant was not aggrieved thereby *(see,* CPLR 5511); and it is further,

Ordered that the order entered April 14, 1989, which found that Danielle G. was abused, is reversed, on the law and the facts, without costs or disbursements, and the abuse petition is dismissed; and it is further,

Ordered that the order entered April 14, 1989, which found that Christina C. was neglected, is reversed, on the law and the facts, without costs or disbursements, and the neglect petition relating to Christina C. based upon the alleged abuse of Danielle G. is dismissed; and it is further,

Ordered that the order entered April 14, 1989, which found that both Danielle G. and Christina C. were neglected, is affirmed, without costs or disbursements.

The appellant contends that the court's findings of abuse were not sufficiently supported by the record. We agree. On November 2, 1987, Danielle G. was interviewed regarding possible abuse after she explained to a school nurse that her enuresis was a result of the appellant molesting her. The interview was conducted in the presence of a police sergeant, a senior caseworker with the Child Protective Service, and the school nurse. The statement alleged, among other things, that the appellant, who was Danielle's step-father, had licked her vagina and then inserted two fingers into her vagina. However, in her unsworn in camera testimony, Danielle, who was eight years old at the time of the hearing, remembered only that she had "told the nurse that [her] step-father * * * touched [her] in a way that [she] didn't like," and that she "wanted him to stop and * * * pushed him away". She could not recall where the appellant had touched her or any of the other details of abuse alleged in the written statement. Indeed, when prompted by the appellant's counsel, she stated only that he touched her "[o]n [her] butt".

In *Matter of Christina F.* (74 NY2d 532), the Court of

Appeals held that in a child protective proceeding under Family Court Act article 10, a child's out-of-court statements describing sexual abuse may be corroborated by the child's later unsworn, in-court testimony which is subject to cross-examination *(see also,* Family Ct Act § 1046; *Matter of Nicole Y.,* 71 NY2d 112, 117). In *Matter of Christina F. (supra,* at 537), the Court of Appeals noted the hearing court's finding "that the child's testimony tended to support the reliability of her previous statements" *(see also, Matter of Department of Social Servs. v Manual S.,* 148 Misc 2d 988 [Family Ct, Dutchess County, July 13, 1990]). In the case · at bar, a contrary conclusion is indicated. It cannot be fairly said that Danielle's testimony, in which she could not recall even the more pertinent details of the alleged abuse, "tended to support the reliability of her previous [out-of-court] statements". It follows that the allegations were not sustained by a preponderance of the evidence, and consequently, two of the orders entered April 14, 1989, one of which found that Danielle was an abused child, and the second of which found that her sister Christina C. was neglected based upon the alleged abuse of Danielle, must be reversed. The third order entered April 14, 1989, which found that the appellant neglected both the children, based upon other grounds, is supported by the record. Thompson, J. P., Bracken, Eiber and Rosenblatt, JJ., concur.