■ In the Matter of DEPARTMENT OF SOCIAL SERVICES, on Behalf of ANTHONY R. and Another. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARY R. et al., Appellants.—In a child protective proceeding pursuant to Family Court Act article 10, the appeals are from (1) an order of the Family Court, Nassau County (De Maro, J.), dated September 29, 1989, which, after a hearing, denied the appellants' application pursuant to Family Court Act § 1028 for the return of Anthony R., (2) so much of a fact-finding order of the same court, dated February 6, 1990, as, after a hearing, determined Anthony R. and Maria R. to be abused children, and (3) an order of disposition of the same court, entered July 10, 1990, which placed Maria R. and Anthony R. in the custody of the petitioner for 12 months.

Ordered that the appeal from the nondispositional order dated September 29, 1989, is dismissed as academic *(see, Matter of Junaro C.,* 145 AD2d 558), without costs or disbursements; and it is further,

Ordered that the appeal from the fact-finding order dated February 6, 1990, is dismissed, without costs or disbursements, as that order was superseded by the order of disposition entered July 10, 1990 *(see, Matter of Linda K.,* 132 AD2d 149); and it is further,

Ordered that the order of disposition entered July 10, 1990, is affirmed, without costs or disbursements.

The appellants are the parents of three children. The two

younger children, Maria, now age 15, and Anthony, now age 8, are the subjects of a petition alleging sexual and other abuse by or condoned by the appellant Angelo R. and condoned by the appellant Mary R. *(see,* Family Ct Act § 1012 [e] [iii]). The oldest child is the subject of a "derivative" petition *(see,* Family Ct Act § 1046 [a] [i]). Evidence adduced at the fact-finding hearing by the petitioner included testimony of police and social workers as to out-of-court statements made by both Maria and Anthony describing, *inter alia,* acts of sodomy and genital fondling, the transcript of a telephone conversation between the two children during which they discussed the abuse, the testimony of Anthony's foster parent, who described his precocious sexual questioning, knowledge, and behavior while in her care, the testimony of therapists and other professionals confirming the existence of symptoms consistent with sexual abuse, medical testimony concerning the physical condition of each child consistent with sexual abuse, and the in camera sworn testimony of each of the two younger children.

Although a large portion of the evidence concerned the out-of-court statements of Maria and Anthony, which were insufficient by themselves to support the findings of the Family Court *(see,* Family Ct Act § 1046 [a] [vi]), there is no merit to the appellants' challenge to the sufficiency of the petitioner's prima facie case *(see, Matter of Christina F.,* 74 NY2d 532; *Matter of Nicole V.,* 71 NY2d 112; *Matter of Ryan D.,* 125 AD2d 160). The evidence "tending to support [the] reliability" (Family Ct Act § 1046 [a] [vi]) of the children's statements in the form of their in camera testimony *(Matter of Nicole V., supra,* at 123-124; *see also, Matter of Christina F., supra),* the validation evidence elicited from expert witnesses *(Matter of Nicole V., supra,* at 120-122; *see also, Matter of Erin G.,* 139 AD2d 737), the descriptions of Anthony's behavior by his foster parent *(see, Matter of Ryan D., supra),* and the medical testimony *(see, Matter of Nicole V., supra,* at 120), amply corroborated those statements. The petitioner thus established a prima facie case *(see, Matter of Tawana D.,* 139 AD2d 736).

We also reject the appellants' contention that the findings of the Family Court are against the weight of the evidence. Although the appellants denied the abuse and presented evidence conflicting with the evidence adduced by the petitioner, it is apparent that the Family Court carefully considered and weighed all the evidence before it. We conclude that the determinations of abuse are supported by a preponderance of the evidence *(see, Matter of Tammie Z.,* 66 NY2d 1; *Matter*

*of Shaune L.,* 150 AD2d 689) and we therefore decline to disturb these determinations. Bracken, J. P., Eiber, Harwood and Balletta, JJ., concur.