■ In the Matter of DUTCHESS COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of CHASTITY F. and Others, Respondent, v MARGARET F., Appellant.—In a child protective proceeding pursuant to Family Court Act article 10, the mother appeals from (1) a fact-finding order of the Family Court, Dutchess County (Amodeo, J.), dated January 25, 1991, which, after a hearing, found, *inter alia,* that the appellant had abused and/or neglected her children, and (2) an order of disposition of the same court, entered April 11, 1991, which, *inter alia,* directed that the children be placed in the custody of the Dutchess County Department of Social Services for a period of up to 12 months.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as that order was superseded by the dispositional order; and it is further,

Ordered that the dispositional order is affirmed, without costs or disbursements.

The mother contends that the court's finding that the children were sexually abused and/or neglected was not supported by a preponderance of the evidence. We disagree.

According to Family Court Act § 1046 (b) (i), "any determination that the child is an abused or neglected child must be based on a preponderance of the evidence" *(see also, Matter of Tammie Z.,* 66 NY2d 1). A child's out-of-court statements relating to abuse are admissible in evidence at a fact-finding hearing, but in order to make a finding of abuse, the statements must be corroborated by "[a]ny other evidence tending to support the reliability of the previous statements" (Family Ct Act § 1046 [a] [vi]).

In the present proceeding, the appellant's children, who are the subjects of this proceeding, made statements indicating that they had been sexually abused in the appellant's home by their uncles (the appellant's brothers), their father (the appellant's former husband), and their grandmother's boyfriend, and that the appellant was either present during these incidents or was informed of them later and did nothing in response. At the fact-finding hearing, the court took judicial notice of its previous finding of abuse against the appellant with respect to another of her children involving similar conduct *(Matter of Dutchess County Dept. of Social Servs. v Margaret F.,* 186 AD2d 255 [decided herewith]; *see,* Family Ct Act § 1046 [a] [i]), there was expert testimony that three of the appellant's children suffered from child sexual abuse syndrome *(see, Matter of Nicole V.,* 71 NY2d 112, 120-121), and the out-of-court statements by the children corroborated each other *(see, Matter of Nicole V.,* at 123-124). There was also testimony that two of the children would "act out sexual intercourse" with dolls, especially after visits with the appellant. This evidence sufficiently corroborated the children's statements and supported the court's determination. Sullivan, J. P., Balletta, O'Brien and Copertino, JJ., concur.