■ In the Matter of DUTCHESS COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of YVETTE J., Respondent, v MARGARET F., Appellant.—In a child protective proceeding pursuant to Family Court Act article 10, the mother appeals from (1) a fact-finding order of the Family Court, Dutchess County (Amodeo, J.), dated January 11, 1990, which, after a hearing, found that the subject child was abused, and (2) an amended dispositional order of the same court, entered March 22, 1990,

which, *inter alia,* placed the child in the custody of the Dutchess County Department of Social Services for a period of 12 months.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as that order was superseded by the amended dispositional order; and it is further,

Ordered that the amended dispositional order is affirmed, without costs or disbursements.

It is well settled that a finding of abuse or neglect in a child protective proceeding brought under Family Court Act article 10 must be supported by a preponderance of the evidence (Family Ct Act § 1046 [b] [i]; *Matter of Tammie Z.,* 66 NY2d 1, 3). Unsworn out-of-court statements of the victim may be admitted into evidence at the fact-finding hearing, and may, if sufficiently corroborated by "[a]ny other evidence tending to support the reliability of the previous statements," support a finding of abuse or neglect (Family Ct Act § 1046 [a] [vi]; *Matter of Nicole V.,* 71 NY2d 112, 117-118).

In the present case, the victim's statements recounting incidents of sexual abuse in the presence of her mother were sufficiently corroborated by the testimony of Dr. Rita Jaeger, an expert in child sexual abuse who examined the child and testified that her physical findings were consistent with sexual abuse *(see, Matter of Nicole V.,* 71 NY2d 112, 120-121, *supra; Matter of Linda K.,* 132 AD2d 149). Further corroboration of the child's statements was provided by the caseworker from the Dutchess County Department of Social Services, who testified that the child had, with anatomically correct dolls, demonstrated in detail the sexually abusive incidents which she had stated took place *(see, Matter of Dutchess County Dept. of Social Servs. [Dawn B.],* 185 AD2d 340; *Matter of Chianti FF.,* 163 AD2d 688, 689). Therefore, the court's finding of abuse was supported by a preponderance of the evidence. Sullivan, J. P., Balletta, O'Brien and Copertino, JJ., concur.