■ In the Matter of BRANDON UU. et al., Children Alleged to be Abused and Neglected. CHRIS ALLEN, as Director of the Clinton County Department of Social Services, Respondent; BRYNN UU., Appellant. (And Two Other Related Proceedings.) [597 NYS2d 525] —Crew III, J. Appeals from two orders of the Family Court of Clinton County (Lewis, J.), entered March 14, 1991 and August 21, 1991, which, *inter alia,* granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's children to be abused and neglected.

Respondent and his spouse (hereinafter the mother) are the parents of two children, Brandon (born Sept. 26, 1985) and Cara (born Mar. 15, 1988). After several separations during the course of the marriage, respondent and the mother each commenced separate Family Court Act article 6 proceedings requesting custody of the children. During the pendency of these proceedings, petitioner commenced this abuse and neglect proceeding pursuant to Family Court Act article 10 alleging that respondent engaged in sexual contact with Brandon and Cara. Following a fact-finding hearing, Family Court found both children to be abused and neglected. Thereafter, by order of disposition, Family Court specifically found that respondent had committed sexual offenses against Brandon and, based upon that finding and in accordance with Family Court Act § 1046 (a) (i), also found that Cara was abused and neglected. The mother was awarded sole legal and physical custody of the children and respondent was allowed supervised visitation. This appeal by respondent followed.*

There must be an affirmance. Contrary to respondent's assertions on appeal, we conclude that Family Court's finding that respondent was guilty of abusing and neglecting Brandon and Cara was supported by a preponderance of the evidence.

---

* We note that although respondent appeals from both the fact-finding order and the order of disposition, the appeal from the fact-finding order will be dismissed as it was superceded by the order of disposition *(see, Matter of Department of Social Servs. [Mary R.],* 175 AD2d 284; *Matter of Linda K.,* 132 AD2d 149, 154, *lv denied* 70 NY2d 616).

Although the only evidence that respondent sexually abused Brandon and Cara consisted of Brandon's out-of-court statements and actions which, by themselves, are insufficient to support a finding of abuse (see, Family Ct Act § 1046 [a] [vi]; *Matter of Department of Social Servs. [Mary R.],* 175 AD2d 284, 285), "[a]ny other evidence tending to support the reliability of the [out-of-court] statements * * * shall be sufficient corroboration" (Family Ct Act § 1046 [a] [vi]; see, *Matter of Michelle I.,* 189 AD2d 998, 999-1000; *Matter of Alena D.,* 125 AD2d 753, 754, *lv denied* 69 NY2d 605). Significantly, validation testimony from experts investigating allegations of sexual abuse is sufficient to corroborate the abused child's statements (see, *Matter of Nicole V.,* 71 NY2d 112, 120-122; *Matter of Jaclyn P.,* 179 AD2d 646, 647; see also, *Matter of Danielle YY.,* 188 AD2d 894, 895-896).

Here, Elizabeth Kelly, a caseworker with the Dutchess County Department of Social Services, testified that during an interview with Brandon, he stated that respondent touched and held Brandon's penis "a lot of times" and that on some occasions "[D]addy peed in [Brandon's] mouth". Kelly also testified that Brandon told her respondent also "peed" in Cara's mouth and that "Daddy puts fingers in Cara's pee pee". Rita Jaeger, a physician with 20 years' experience working with sexually abused children, testified that during her interview with Brandon, he indicated that respondent had placed his mouth and tongue in Cara's vaginal area. Jaeger went on to testify that Brandon also said, *inter alia,* that respondent licked Brandon's buttocks, mouth and penis and placed his penis in Brandon's mouth. Notably, Jaeger testified that the acts recited by Brandon consisted of activity typically described by children of Brandon's age who had been sexually abused by males. Pamela Langelier, a clinical psychologist who evaluates and treats sexually abused children, testified that during her interview with Brandon, he stated that respondent was bad and had licked Brandon's penis and Cara's vaginal area. Langelier testified that Brandon indicated five or six examples of sexual abuse by respondent and demonstrated respondent's actions by using anatomically correct dolls.

In contrast to this information, respondent denied any contact with his children other than that necessary for the purposes of bathing or changing diapers. Although respondent alleges that Family Court failed to properly take his testimony and other information he considered favorable into account and gave too much credence to the validation testimony of the experts, we disagree. Giving due deference to

Family Court's superior vantage point on questions of credibility *(see, Matter of Swift v Swift,* 162 AD2d 784, 785), we find no reason to believe that Family Court erred in failing to give respondent's testimony greater credence. Respondent also makes much of the fact that the allegations of sexual abuse occurred in the context of a contested custody dispute with the mother. Although we agree that the circumstances of a custody dispute call for heightened skepticism in some cases, we do not find this factor dispositive in this case. Jaeger testified that because Brandon and Cara were the subjects of a custody dispute, she took pains to ask specific questions regarding the alleged sexual abuse incidents in order to be absolutely certain of Brandon's credibility. Significantly, Kelly, Jaeger and Langelier all indicated that they did not believe Brandon was "programmed" to give certain responses by his mother. Moreover, although Brandon was described as somewhat immature for his age, it is significant that his recount of the sexual abuse was consistent during his several interviews and the experts opined their belief that Brandon was being truthful *(see, Matter of Nicole V.,* 71 NY2d 112, 122, *supra).* Accordingly, despite the presence of a custody dispute, we find that the validation testimony by the experts sufficiently corroborated Brandon's out-of-court statements and Family Court's finding of abuse and neglect was supported by a preponderance of the evidence *(see, Matter of Jaclyn P.,* 179 AD2d 646, 651, *supra; Matter of Daniel TT.,* 169 AD2d 951, 952).

Finally, given the finding that respondent is guilty of sexually abusing and neglecting Brandon and Cara and the fact that he refuses to participate in a treatment program for sex offenders, we find no abuse of discretion in Family Court's decision to award sole custody of the children to their mother and to limit respondent's visitation with them *(see, e.g., Matter of Nassau County Dept. of Social Servs. v Denise S.,* 173 AD2d 830, 831). We have examined respondent's remaining contentions and find them to be lacking in merit.

Mikoll, J. P., Yesawich Jr. and Mercure, JJ., concur. Ordered that the appeal from order entered March 14, 1991 is, dismissed, without costs. Ordered that the order entered August 21, 1991 is affirmed, without costs.