■ In the Matter of DAVID DD. et al., Children Alleged to be Abused and Neglected. DUTCHESS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; THOMAS DD., Appellant. [611 NYS2d 936] —Peters, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Family Court of Dutchess County (Marlow, J.), entered April 17, 1990, which partially granted petitioner's amended application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's children to be abused and neglected.

Respondent and his spouse are the parents of four children: David (born in Dec. 1983), Christopher (born in Feb. 1987), Michael (born in Dec. 1988) and Thomas (born in Feb. 1991).

In May 1989, petitioner commenced separate proceedings against respondent and his spouse alleging that they had each neglected David. Thereafter, in August 1989, petitioner filed amended abuse and neglect petitions alleging, *inter alia,* that David had been sexually abused and that his siblings Christopher and Michael had been neglected as well.[1] A fact-finding hearing was conducted in February and March 1990, at the conclusion of which Family Court found, *inter alia,* that respondent and his spouse physically and sexually abused David *(see,* Family Ct Act § 1012 [e] [iii]; [f] [i]) and, further, made derivative findings of neglect against respondent and his spouse with respect to Christopher and Michael *(see,* Family Ct Act § 1046 [a] [i]). Following a dispositional hearing, Family Court, *inter alia,* placed David, Christopher and Michael in petitioner's custody for an initial 12-month period and ordered respondent to undergo counseling. Respondent appeals.[2]

Family Court Act § 1046 (b) (i) provides that in a fact-finding hearing, any determination that a child is abused or neglected must be based upon a preponderance of the evidence. Although respondent contends that such evidentiary standard violates his due process rights, such argument has previously been considered and rejected *(see, Matter of Alena D.,* 125 AD2d 753, 754, *lv denied* 69 NY2d 605; *see also, Matter of Katrina W.,* 171 AD2d 250, 252-253, *appeal dismissed* 79 NY2d 976, *cert denied sub nom. Rosalyn W. v Suffolk County Dept. of Social Servs.,* — US —, 113 S Ct 217; *cf., Matter of Nicole V.,* 71 NY2d 112; *Matter of Tammie Z.,* 66 NY2d 1).

Equally unavailing is respondent's contention that the statements made by the children were not sufficiently corroborated. It is well settled that in a child protective proceeding under Family Court Act article 10, "previous statements made by the child relating to any allegations of abuse or neglect shall be admissible in evidence" and, if properly corroborated, will be sufficient to sustain a finding of abuse or neglect (Family Ct Act § 1046 [a] [vi]; *see, Matter of Nicole V., supra,* at 117-118; *Matter of Department of Social Servs. v Warren D.,* 195 AD2d 460, 460-461; *Matter of Brandon UU.,* 193 AD2d 835, 836). To that end, the statute broadly provides that "[a]ny other evidence tending to support the reliability of the previous statements * * * shall be sufficient corroboration" (Family

---

1. The record indicates that the remaining child, Thomas, was the subject of a separate neglect proceeding that is not at issue on this appeal.

2. It does not appear that respondent's spouse has appealed this determination.

Ct Act § 1046 [a] [vi]), and Family Court is vested with considerable discretion in determining whether a child's statements have been sufficiently corroborated and, further, whether the record as a whole supports a finding of abuse or neglect (see, Matter of Christina F., 74 NY2d 532, 536; Matter of Department of Social Servs. v Waleska M., 195 AD2d 507, 509-510, lv denied 82 NY2d 660).

Here, the record indicates that David made detailed and consistent out-of-court statements to his foster mother, one of petitioner's caseworkers and Rita Jaeger, an expert in pediatric medicine and pediatric psychiatry, regarding respondent's sexual abuse. Jaeger's physical examination of David revealed certain medical findings which, although not conclusive, were suggestive of sodomy and tended to support David's statements (see, Matter of Alena D., 125 AD2d 753, 754, supra; see also, Matter of Commissioner of Social Servs. of City of N. Y. [Jannie S.—Rafael R.], 188 AD2d 528, 529). Additionally, Christopher made certain statements to his foster mother regarding respondent's sexual abuse which, in turn, corroborated David's prior statements (see, e.g., Matter of Danielle YY., 188 AD2d 894, 895, lv denied 81 NY2d 706; Matter of Scott X., 184 AD2d 866, 868). In our view, this and other evidence in the record supports Family Court's finding of abuse as to David, as well as the derivative findings of neglect made with respect to Christopher and Michael (see, Family Ct Act § 1046 [a] [i]; Matter of Guy UU., 200 AD2d 852, 853; Matter of Vincent M., 193 AD2d 398, 404). To the extent that respondent denied the allegations set forth in the amended petition, this merely presented a credibility issue for Family Court to resolve. We see no basis in the record to disturb Family Court's determination (see generally, Matter of Esther CC., 194 AD2d 949, 951).

Respondent finally contends that Family Court erred in considering the foster mother's testimony regarding instances where the children were seen acting out sexual behavior without accompanying expert testimony to interpret such behavior. Respondent's argument on this point is lacking in merit (cf., Matter of Dutchess County Dept. of Social Servs. v Margaret F., 186 AD2d 254; Matter of Anita U., 185 AD2d 378), as are respondent's remaining contentions.

Mikoll, J. P., Mercure and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.