■ In the Matter of JESSICA N. and Others, Children Alleged to be Abused and/or Neglected. JAMES N., Respondent; ONEIDA COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant. [652 NYS2d 177] —Order unanimously reversed on the law and facts without costs, petition granted and matter remitted to Oneida County Family Court for further proceedings in accordance with the following Memorandum: In this abuse and ne-

glect proceeding, petitioner alleges that respondent sexually abused his three-year-old daughter and that his stepdaughters are neglected children. After a trial, Family Court found the testimony of a sexual abuse caseworker concerning the statements of respondent's daughter to be "compelling" but dismissed the petition because the proof failed to corroborate her out-of-court statements. Ordinarily, we would extend considerable deference to the court's resolution of credibility issues and the evidentiary weight accorded to trial testimony (*see, Matter of Lynelle W.*, 177 AD2d 1008; *Matter of Jamie Lynn S.*, 162 AD2d 983, 984). However, upon our independent factual review of the record, we conclude that the medical evidence corroborates the daughter's out-of-court statements and that petitioner sustained its burden of proving the allegations of the petition (*see, Matter of Jamie Lynn S., supra*).

The out-of-court statements of a child victim may be corroborated by "[a]ny other evidence tending to support the reliability" of those statements (Family Ct Act § 1046 [a] [vi]). The Legislature has expressed a clear "intent that a relatively low degree of corroborative evidence is sufficient in abuse proceedings" (*Matter of Alena D.*, 125 AD2d 753, 754, *lv denied* 69 NY2d 605). Thus, the testimony of a physician that her findings are consistent with a finding of sexual abuse is sufficient; the findings need not be conclusive (*see, Matter of David DD.*, 204 AD2d 791, *lv denied* 84 NY2d 813; *Matter of Michelle I.*, 189 AD2d 998, 1000; *Matter of Dutchess County Dept. of Social Servs. [Yvette J.] v Margaret F.*, 186 AD2d 255, 256; *Matter of Alena D., supra*, at 754). The physicians who examined respondent's daughter testified that her hymen was abnormally dilated and that the laceration on her hymen was the result of trauma. In their view, the physical findings were consistent with penile penetration and thus sexual abuse. The court, however, placed greater weight upon the testimony of respondent's medical expert, who did not examine the child but who, in the court's view, possessed greater expertise in the diagnosis of child sexual abuse. Although the weight to be accorded conflicting expert testimony "is a matter peculiarly within the province of the trier of fact" (*Matter of Breann B.*, 185 AD2d 711), we conclude that the testimony of respondent's medical expert on cross-examination that the physical findings of the examining physicians could be consistent with a finding of sexual abuse is consistent with the testimony of plaintiff's experts and is sufficient to corroborate the child's out-of-court statements (*see, People v Cummings*, 219 AD2d 757, 758, *lv denied* 88 NY2d 846; *Matter of David DD., supra; Matter of Michelle I., supra; Matter of Lisa S. v William S.*, 187 AD2d

435; *Matter of Alena D., supra*). We also note that, although respondent's medical expert disagreed with the conclusions of the examining physicians that the child had been sexually abused, she acknowledged that she could not reach her own conclusion without personally examining the child and she did not disagree with the physical findings of the examining physicians. Moreover, the fact that the child gave consistent statements to three witnesses describing the sexual conduct of her father enhances the reliability of her out-of-court statements (*see, Matter of Keith C.*, 226 AD2d 369, *lv denied* 88 NY2d 807; *Matter of Jaclyn P.*, 179 AD2d 646, 651, *affd* 86 NY2d 875, *cert denied sub nom. Papa v Nassau County Dept. of Social Servs.*, — US —, 116 S Ct 816; *Matter of Starr H.* [appeal No. 2], 156 AD2d 1025).

Thus, we find that the evidence establishes that respondent sexually abused his daughter and that, under the circumstances, respondent's stepdaughters are neglected children (*see,* Family Ct Act § 1012 [f] [i] [B]; *see, Matter of David DD., supra,* at 793; *Matter of Julissa II.*, 217 AD2d 743, 744; *Matter of James P.*, 137 AD2d 461, 464). We remit this matter to Oneida County Family Court for a dispositional hearing before a different Judge. (Appeal from Order of Oneida County Family Court, Morgan, J.— Abuse.) Present—Lawton, J. P., Fallon, Wesley, Balio and Davis, JJ.