■ In the Matter of RHIANNA R. and Another, Children Alleged to be Abused and/or Neglected. ONONDAGA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; FADI R., Appellant. (Appeal No. 1.) [684 NYS2d 389] —Order unanimously affirmed without costs. Memorandum: Family Court's determination that respondent sexually abused his daughter Rhianna (*see,* Family Ct Act § 1012 [e] [iii]) and that, as a consequence, his other daughter Nicole is a neglected child within the meaning of Family Court Act § 1012 (f) (i) (B) is supported by a preponderance of the evidence (*see,* Family Ct Act § 1046 [b] [i]). "Unsworn out-of-court statements of the victim may be received and, if properly corroborated, will support a finding of abuse or neglect" (*Matter of Nicole V.,* 71 NY2d 112, 117-118, citing Family Ct Act § 1046 [a] [vi]). The out-of-court statements of Rhianna were amply corroborated by her unsworn but cross-examined testimony taken in camera (*see, Matter of Christina F.,* 74 NY2d 532, 535), by a physical examination and by the testimony of two pediatricians and a social worker (*see, Matter of Jaclyn P.,* 86 NY2d 875, 878, *affg* 179 AD2d 646, *cert denied sub nom. Papa v Nassau County Dept. of Social Servs.,* 516 US 1093; *Matter of Nicole V., supra,* at 121; *Matter of Jessica N.,* 234 AD2d 970, 971, *appeal dismissed* 90 NY2d 1008; *Matter of David DD.,* 204 AD2d 791, *lv denied* 84 NY2d 813). Additionally, the consistency of Rhianna's statements to three witnesses describing respondent's sexual conduct enhances the reliability of those out-of-court statements (*see, Matter of Jessica N., supra,* at 972; *Matter of Keith C.,* 226 AD2d 369, *lv denied* 88 NY2d 807; *Matter of Jaclyn P., supra,* 179 AD2d, at 651). Although respondent presented evidence in

rebuttal, such evidence merely presented questions of fact for resolution by the court (*see, Matter of Breann B.*, 185 AD2d 711; *Matter of Elrheihem T.*, 185 AD2d 626).

The evidence also establishes that Nicole is a neglected child because the sexual abuse of Rhianna by respondent demonstrated a fundamental defect in his understanding of the duties and obligations of parenthood and created an atmosphere detrimental to the physical, mental and emotional well-being of Nicole as well (*see*, Family Ct Act § 1012 [f] [i]; *Matter of James A.*, 217 AD2d 961; *Matter of Lynelle W.*, 177 AD2d 1008, 1008-1009). (Appeal from Order of Onondaga County Family Court, Klim, J.—Abuse.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Boehm, JJ.