■ In the Matter of ALEXANDER EE., a Child Alleged to be Abused and/or Neglected. TOMPKINS COUNTY DEPARTMENT OF

SOCIAL SERVICES, Appellant; KIMBERLY FF., Respondent. [701 NYS2d 133] —Mugglin, J. Appeal from an order of the Family Court of Tompkins County (Barrett, J.), entered October 27, 1998, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's child to be abused and/or neglected.

Respondent, the mother and custodial parent of Alexander, has been diagnosed with terminal brain cancer. She discussed with Alexander's paternal grandmother her desire to have her boyfriend and not Alexander's father be the person to have custody of Alexander upon her death. The paternal grandmother opposed custody to anyone other than her son and sought a family meeting to discuss the matter. Approximately one month later, the paternal grandmother alleged that on June 27, 1998 and again on July 11, 1998 the child had engaged in sexual behavior in that he reached under her night shirt to feel her breasts and into her underpants, telling her to "relax" and that it would make her "feel better". She further reported that when she asked the child who he did this with, he reported that it was "mommy" and said "it made her feel good".

Petitioner initiated an investigation and Alexander was not returned to respondent. When petitioner failed to undertake legal action regarding Alexander's removal, respondent secured a writ of habeas corpus from Family Court in the county of her residence directing that Alexander be returned to her. Immediately thereafter, petitioner, by order to show cause dated July 29, 1998, filed the instant petition alleging abuse and/or neglect and obtained a temporary order transferring custody from respondent to Alexander's father.

The petition alleged that the child was sexually abused and that respondent's brain cancer had adversely affected her ability to care for Alexander to such a degree that the boy "may be at risk of harm". Prior to any hearing, petitioner applied for a court-ordered psychiatric examination of respondent pursuant to Family Court Act § 251. Family Court denied the application.

At the trial, the grandmother was allowed to testify to the statements made by the child. Testimony was taken from caseworkers and expert witnesses. Petitioner introduced no evidence of neglect, but concentrated solely on attempting to corroborate the statements of Alexander. At the close of testimony, Family Court found the evidence insufficient to prove that the child was abused or neglected and dismissed the petition, prompting this appeal.

Petitioner first argues that Family Court committed error in denying petitioner's request for a pretrial psychiatric evaluation of respondent. We perceive no error in denying this application. As a substantive matter, petitioner's application, which was supported by a psychologist's statement that "it would be critical to know whether this [her brain tumor], might, in fact, cause her to have a change in behavior that might have allowed her to violate [the child's] personal boundaries in a way she never would have in the past in order to seek comfort and affection for herself", was opposed by correspondence from respondent's three treating physicians, all of whom stated that her brain tumor would have no effect on her ability to effectively parent her child. Under all of the circumstances, we find no abuse of discretion by Family Court in denying this request.

Next, petitioner argues that Family Court committed error in dismissing the petition for insufficiency of the evidence because the child's statements to his grandmother were not hearsay and, therefore, need not be corroborated and may be accepted for the truth of the matter they assert. Petitioner argues that the child's statements, coupled with the grandmother's testimony, prove sexual abuse by a preponderance of the evidence.

Family Court Act § 1046 (a) (vi) provides as follows: "In any hearing under this article * * * previous statements made by the child relating to any allegations of abuse or neglect shall be admissible in evidence, but if uncorroborated, such statements shall not be sufficient to make a fact-finding of abuse or neglect. Any other evidence tending to support the reliability of the previous statements, including, but not limited to the types of evidence defined in this subdivision shall be sufficient corroboration. The testimony of the child shall not be necessary to make a fact-finding of abuse or neglect".

In explaining the purpose of the corroboration requirement, the Court of Appeals stated: "Corroboration of a child's out-of-court hearsay statements in child protective proceedings is needed not because the 'statements of children are generally unreliable but because the out-of-court statements are hearsay and the statute requires some further evidence to establish their reliability' " (*Matter of Christina F.*, 74 NY2d 532, 536, quoting *Matter of Nicole V.*, 71 NY2d 112, 118). Petitioner asserts that as part of the res gestae, the statements of the child are not hearsay. This argument fails for two reasons. First, Family Court Act § 1046 (a) (vi) does not distinguish between hearsay and nonhearsay statements but simply provides that

previous statements of the child must be corroborated. Second, statements made as part of the so called res gestae are still fundamentally hearsay statements and admissible only because of a recognized exception to the general hearsay rule.

In making this analysis, we recognize that "verbal acts" are not hearsay. They are admissible because they are "not offered to prove the truth of the statement * * * [but] because [the statement] accompanies otherwise ambiguous conduct and lends significance to it" (*People v Acomb*, 87 AD2d 1, 6). "In order to qualify as a verbal act, and thus not hearsay, the conduct to be characterized by the attendant words must be independently material to the case, must be equivocal, and the statements must aid in giving significance to the conduct [citations omitted]" (*id.*, at 6). The statements attributable to the child by the grandmother are not verbal acts. There was nothing equivocal about the conduct of the child which was explained by his statements, and the statements were offered for the truth insofar as the mother's conduct was concerned. Why he acted that way or who may have taught him were clearly hearsay statements needing corroboration.

Next, petitioner argues that if the child's statements are considered hearsay, there was sufficient corroboration in the record to warrant a finding of sexual abuse against respondent. We start by observing that the Court of Appeals stated: "Whether or not proffered corroborative testimony actually 'tend[s] to support the reliability of the previous statements' in a particular case is a fine judgment entrusted in the first instance to the Trial Judges who hear and see the witnesses. In individual cases, 'Family Court Judges presented with the issue have considerable discretion to decide whether the child's out-of-court statements describing incidents of abuse or neglect have, in fact, been reliably corroborated and whether the record as a whole supports a finding of abuse'" (*Matter of Christina F.*, 74 NY2d 532, 536, *supra*, quoting *Matter of Nicole V.*, 71 NY2d 112, 119, *supra*).

In an attempt to corroborate the child's statements and to lend credence to the grandmother's testimony, petitioner called two child protective investigators and a therapist, all of whom specialize in evaluating children for sexual abuse. A review of their entire testimony reveals that there are contradictions in some of the findings, perhaps caused by the fact that all witnesses could agree that Alexander does not differentiate between what is real or pretend, a good touch or a bad touch, or a truth or a lie. The validation testimony does substantiate that there was a presence of high anxiety and anger in the

child. While this may be consistent with sexual abuse, none of the validators testified that Alexander was a victim of sexual abuse. The child's anxiety and anger were, in the opinion of respondent's witness, more likely related to his prolonged separation from his mother. On this record, evidence of sexual abuse is inconclusive and has not been established by a preponderance of the evidence.

Accordingly, the order of Family Court dismissing the petition is affirmed.

Cardona, P. J., Mikoll, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.