Matter of Corey J. (Corey J.) (2018 NY Slip Op 00076)





Matter of Corey J. (Corey J.)


2018 NY Slip Op 00076


Decided on January 4, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 4, 2018

Renwick, J.P., Manzanet-Daniels, Gische, Kahn, Singh, JJ.


5372

[*1]In re Corey J., and Others, Children Under the Age of Eighteen, etc., Corey J., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


Law Office of Cabelly & Calderon, Jamaica (Lewis S. Calderon of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Barbara Graves-Poller of counsel), for respondent.
Karen P. Simmons, The Children's Law Center, Brooklyn (Rachel J. Stanton of counsel), attorney for the children.



Order of fact-finding and disposition, Family Court, Bronx County (Robert D. Hettleman, J.), entered on or about June 22, 2016, which, to the extent appealed from as limited by the briefs, found that respondent father neglected the oldest of the subject children and derivatively neglected the others, unanimously affirmed, without costs.
The court properly found that petitioner Administration for Children's Services (ACS) proved by a preponderance of the evidence that the father neglected the oldest child and derivatively neglected the other children, based on the testimony of an ACS child protective specialist and the mother, the medical records, and the father's admissions (see Family Court Act § 1012[f][i][A] and [B]; Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]). The medical records and the testimony of the child protective specialist and the mother reflect a long-standing pattern of domestic violence by the father against the mother, in the presence of the children, and the use of excessive corporal punishment on the oldest child. Although the father denied engaging in such conduct and attributed the violence to the mother, he admitted grabbing her by the throat and "popping" the child on the hand. The hospital records reflected that the oldest child was afraid of the father and trained hospital personnel did not find that this fear was feigned.
The father argues that the oldest child's statements were vague, failed to indicate when the events took place, and were not sufficiently corroborated. Out of court statements of a child are admissible "and if properly corroborated, will support a finding of abuse or neglect" (Matter of Nicole V., 71 NY2d 112, 118 [1987]; see Family Court Act § 1046[a][vi]). Family Court judges have "considerable discretion" to determine whether a child's out of court statements describing neglect have been corroborated (see Matter of Christina F., 74 NY2d 532, 536 [1989]).
The child's statements were sufficiently corroborated in that the parents both testified that the incidents he described actually occurred, although the father disputed the child's account of what transpired. Moreover, the child's statements, which were reflected in the medical records, were consistent with the testimony of the child protective specialist and the mother regarding the domestic violence and excessive corporal punishment by the father.
The court correctly concluded that the father's use of excessive corporal punishment on the child, which was supported by the record, demonstrated a flawed understanding of his parental duty such that the younger children were derivatively neglected by him and were at risk of harm (see Matter of Angie G.[Jose D.G.], 111 AD3d 404, 404-405 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 4, 2018
CLERK