■ In the Matter of LATISHA V. and Others. SEGUNDO V., Appellant.—In consolidated child protective proceedings pursuant to Family Court Act article 10, the father appeals from an order of disposition of the Family Court, Kings County (Palmer, J.), dated June 25, 1990, which, upon a fact-finding order of the same court, also dated June 25, 1990, made after a hearing, finding that the father had abused the children, placed them under the supervision of their mother for a period of 12 months. The appeal from the order of disposition brings up for review a resettled order of disposition of the same court, dated July 16, 1990 (CPLR 5517 [a] [2]).

Ordered that the appeal from the order of disposition dated June 25, 1990, is dismissed, without costs or disbursements, as that order was superseded by the order of disposition dated July 16, 1990, made upon resettlement; and it is further,

Ordered that the resettled order of disposition dated July 16, 1990, is affirmed, without costs or disbursements.

Following a fact-finding hearing, the Family Court determined that the petitioner had sexually abused his daughter Latisha. On appeal, the father contends that the evidence presented at the hearing did not provide sufficient corroboration of the child's out-of-court statement (see, Family Ct Act § 1046 [a] [vi]). We disagree.

At the fact-finding hearing, a caseworker assigned to investigate the allegations of abuse testified that Latisha told her that she was sexually abused by her father on a number of occasions. Further, a child psychologist who examined the child testified that the child repeated these allegations to him and that her statements, and behavior, were consistent with the five stages of the inter-familial child sex abuse syndrome. We find that the validating evidence of the child psychologist constituted sufficient corroboration of Latisha's statement to support the determination of the court (see, Matter of Linda K., 132 AD2d 149, 152; Matter of Nicole V., 71 NY2d 112). Moreover, although the medical evidence was equivocal on the

issue of sexual abuse, physical evidence is not essential to establish sexual abuse *(see, Matter of Linda K., supra,* at 158). Thompson, J. P., Lawrence, Balletta and O'Brien, JJ., concur.