■ In the Matter of PARUL P. RASHMI P., Appellant; COMMISSIONER OF SOCIAL SERVICES, Respondent.—In a child protective proceeding pursuant to Family Court Act article 10, the father appeals from (1) a fact-finding order of the Family Court, Queens County (Kaufmann, J.), dated October 12, 1990, which, after a hearing, found that he had sexually abused his daughter, and (2) an order of disposition of the same court, dated January 17, 1991, which, inter alia, prohibited him from living in the same household with the child "unless prior application to do so is made in the Family Court", and directed that his visitation with the child be supervised by the mother.

Ordered that the appeal from the order dated October 12, 1990, is dismissed, without costs or disbursements, as that order was superseded by the order of disposition dated January 17, 1991; and it is further,

Ordered that the order of disposition dated January 17, 1991, is affirmed, without costs or disbursements.

Following a fact-finding hearing, the Family Court determined that the appellant had sexually abused his daughter Parul. The appellant now contends that the court's finding of abuse was against the weight of the evidence presented at the hearing. We disagree.

At the fact-finding hearing, a social worker from the child's school and a caseworker assigned to investigate the allegations of abuse each testified to out-of-court statements made by the child detailing the sexual abuse by her father. Each of the child's accounts of the abuse were consistent with one another. Further, a psychologist qualified as an expert in clinical psychology, therapy, and child sexual abuse testified that the child repeated these allegations to him and that her statements, and behavior, were consistent with the five stages of the inter-familial, child sex-abuse syndrome. The validating evidence of the psychologist constituted sufficient corroboration of the child's statement to support the court's finding *(see, Matter of Latisha V.,* 175 AD2d 839; *Matter of Linda K.,* 132 AD2d 149). The appellant did not testify in his own behalf and did not present any evidence. On this record, we find that that the court's finding of abuse by the father was supported by a preponderance of the evidence *(see,* Family Ct Act § 1046 [b] [i]).

We have considered the appellant's remaining arguments and find them to be without merit. Mangano, P. J., Rosenblatt, Ritter and Copertino, JJ., concur.