185 A.D.2d 981 (1992)
In the Matter of Parul P. Rashmi P., Appellant; Commissioner of Social Services, Respondent
Appellate Division of the Supreme Court of the State of New York, Second Department.
August 31, 1992
Mangano, P. J., Rosenblatt, Ritter and Copertino, JJ., concur.
Ordered that the appeal from the order dated October 12, 1990, is dismissed, without costs or disbursements, as that order was superseded by the order of disposition dated January 17, 1991; and it is further,
Ordered that the order of disposition dated January 17, 1991, is affirmed, without costs or disbursements.
*982 Following a fact-finding hearing, the Family Court determined that the appellant had sexually abused his daughter Parul. The appellant now contends that the court's finding of abuse was against the weight of the evidence presented at the hearing. We disagree.
At the fact-finding hearing, a social worker from the child's school and a caseworker assigned to investigate the allegations of abuse each testified to out-of-court statements made by the child detailing the sexual abuse by her father. Each of the child's accounts of the abuse were consistent with one another. Further, a psychologist qualified as an expert in clinical psychology, therapy, and child sexual abuse testified that the child repeated these allegations to him and that her statements, and behavior, were consistent with the five stages of the inter-familial, child sex-abuse syndrome. The validating evidence of the psychologist constituted sufficient corroboration of the child's statement to support the court's finding (see, Matter of Latisha V., 175 AD2d 839; Matter of Linda K., 132 AD2d 149). The appellant did not testify in his own behalf and did not present any evidence. On this record, we find that that the court's finding of abuse by the father was supported by a preponderance of the evidence (see, Family Ct Act § 1046 [b] [i]).
We have considered the appellant's remaining arguments and find them to be without merit.