■ In the Matter of KEITH C. LYNN J., Appellant; COMMISSIONER OF SOCIAL SERVICES, Respondent. [640 NYS2d 221] —In a child protective proceeding pursuant to Family Court Act article 10, the mother appeals from (1) a fact-finding order of the Family Court, Kings County (Tejeda, J.), dated May 15, 1990, which, after a hearing, found, *inter alia,* that the appellant had sexually abused the child, (2) a dispositional order of the same court (Hepner, J.), dated March 25, 1991, which, after a hearing, placed the child in the care of the Commissioner of Social Services for a period of one year, and (3) an order of the same court (Hepner, J.), dated June 2, 1993, which, after a hearing, extended the child's placement for one year effective March 25, 1993.

Ordered that the fact-finding order is affirmed, without costs or disbursements; and it is further,

Ordered that the appeal from the dispositional order is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the appeal from the order dated June 2, 1993,

extending placement is dismissed as academic, without costs or disbursements.

The mother's appeal from so much of the dispositional order as placed the child in the care of the Commissioner of Social Services must be dismissed as academic because the one-year placement period has expired, and a subsequent order extending placement effective March 25, 1992, was entered, from which no appeal has been taken (*see, Matter of Eddie E.,* 219 AD2d 719; *Matter of F. Children,* 199 AD2d 81). The mother's appeal from the order extending placement dated June 2, 1993, must be dismissed as academic since that one-year period has also expired. Moreover, the mother's parental rights were subsequently terminated. Therefore, "any corrective measures which this court might have taken * * * would have no practical effect" (*Matter of New York City Dept. of Social Servs. [Kalisha A.],* 208 AD2d 844). Since the underlying finding of abuse constitutes a "permanent and significant stigma", the appeal from the fact-finding order which found that the child was abused is not academic (*see, Matter of Eddie E., supra,* at 719; *Matter of H. Children,* 156 AD2d 520).

The Commissioner proved by a preponderance of the evidence that the mother sexually abused and permitted her brother to sexually abuse the child (*see,* Family Ct Act § 1046 [b] [i]; *Matter of Nicole V.,* 71 NY2d 112). Over a period of approximately one year the child gave consistent accounts of the abuse to a guidance counselor, a caseworker, a physician, and a child psychologist. These out-of-court statements were corroborated by the child's in-camera testimony. Although the child's testimony was unsworn, it was taken in the presence of all counsel who had the opportunity to cross-examine him (*see,* Family Ct Act § 1046 [b] [i]; *Matter of Christina F.,* 74 NY2d 532; *Matter of Jessica G.,* 200 AD2d 906). Further corroboration was provided by the validation testimony of Dr. Don Lewittes, a child psychologist who specialized in the diagnosis and treatment of child sexual abuse syndrome. Dr. Lewittes testified that the child's behavior and accounts of the abuse, which were repeated to him, were consistent with the five phases of the syndrome (*see, Matter of Nicole V., supra; Matter of Parul P.,* 185 AD2d 981, *lv denied* 82 NY2d 651, *cert denied sub nom. Rashmi P. v Commissioner of Social Servs. of N. Y.,* 510 US 1041; *Matter of Latisha V.,* 175 AD2d 839).

The mother's remaining contentions are either unpreserved for appellate review or without merit. Thompson, J. P., Sullivan, Pizzuto and McGinity, JJ., concur.