■ In the Matter of JENNIFER M. and Others, Children Alleged to be Abused. TERRY P., Appellant; ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. [645 NYS2d 231] —Order unanimously affirmed without costs. Memorandum: The child's out-of-court statements concerning two incidents of sexual abuse were properly admitted in this child abuse and neglect proceeding (see, Family Ct Act § 1046 [a] [vi]), and those statements were sufficiently corroborated by the validation testimony of a social worker, to whose credentials the parties stipulated (see, Matter of Nicole V., 71 NY2d 112, 121; Matter of Commissioner of Social Servs. [Joanne W.] v Edyth W., 210 AD2d 328; Matter of Kattressa S., 207 AD2d 1027; Matter of Department of Social Servs. [Carol Ann D.] v Warren D., 195 AD2d 460, 461; Matter of Parul P., 185 AD2d 981, lv denied 82 NY2d 651, cert denied sub nom. Rashmi P. v Commissioner of Social Servs. of N. Y. City, 510 US 1041; Matter of Beverly WW., 159 AD2d 802, 803; Matter of Linda K., 132 AD2d 149, 159, lv denied 70 NY2d 616).

The proof is sufficient to support the inference that the touching of the child's vaginal area was for the purpose of sexual gratification. Sexual contact can occur through clothing (see, People v Boykin, 127 AD2d 1004, lv denied 69 NY2d 1001). Moreover, Family Court was entitled to draw an unfavorable inference from respondent's failure to testify (see, Matter of Commissioner of Social Servs. [Patricia A.] v Philip De G., 59 NY2d 137, 141; Matter of Nicole T., 178 AD2d 849, 850). (Appeal from Order of Erie County Family Court, Rosa, J.—Child Abuse.) Present—Lawton, J. P., Fallon, Callahan, Doerr and Davis, JJ.