■ In the Matter of JULIE K. and Another, Children Alleged to be Abused and/or Neglected. LIVINGSTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CHRISTOPHER K., Appellant. [708 NYS2d 663] —Order unanimously affirmed without costs. Memorandum: Family Court properly determined following a hearing that respondent had sexually abused his girlfriend's daughter Heather and neglected his girlfriend's daughter Julie. Respondent contends that petitioner failed to establish that he did not substantially observe the terms and conditions of the order adjourning the abuse proceeding in contemplation of dismissal and that the court therefore erred in

restoring the abuse proceeding to the calendar (see, Family Ct Act § 1039 [e]). The proceeding was restored to the calendar upon the consent of respondent, and thus his present contention is not preserved for our review. Respondent did not object to the filing of the amended abuse petition, and thus his present contention that the court erred in allowing petitioner to file that amended petition also is not preserved for our review. In any event, the court properly allowed petitioner to amend the abuse petition based on additional allegations of abuse and neglect (see generally, Family Ct Act § 1051 [b]; Matter of Jesse DD., 223 AD2d 929, 930, lv denied 88 NY2d 803).

Contrary to respondent's contention, petitioner complied with Family Court Act § 1038 (d) and CPLR 3101 (d) (1) by providing respondent with the name of its expert witness and the subject matter of her testimony as soon as it was aware that she would testify. The expert interviewed Heather on July 16 and July 30, 1998, and petitioner gave notice to respondent of the expert's proposed testimony on July 30, 1998.

Respondent contends that petitioner failed to establish that he was a person legally responsible for the care of the children. We disagree. It is uncontroverted that respondent lived with the children and their mother for several years and acted as the "functional equivalent of a parent" during the time the abuse and neglect occurred (Matter of Yolanda D., 88 NY2d 790, 796). The court thus properly found that respondent was a "person legally responsible" for the care of the children (see, Family Ct Act § 1012 [g]; Matter of Amanda LL., 195 AD2d 708, 709). Contrary to the further contention of respondent, the finding that he sexually abused Heather is supported by a preponderance of the evidence (see, Family Ct Act § 1046 [b] [i]; Matter of Philip M., 82 NY2d 238, 243-244; Matter of Nicole V., 71 NY2d 112, 117). Heather's out-of-court statements were sufficiently corroborated by the validation testimony of petitioner's expert witness (see, Family Ct Act § 1046 [a] [vi]; Matter of Jaclyn P., 86 NY2d 875, 877-878, cert denied sub nom. Papa v Nassau County Dept. of Social Servs., 516 US 1093; Matter of Nicole V., supra, at 121; Matter of Camron R. [appeal No. 1], 251 AD2d 1073; Matter of Jennifer M., 229 AD2d 940). (Appeal from Order of Livingston County Family Court, Alonzo, J.—Abuse.) Present—Green, J. P., Hayes, Wisner and Hurlbutt, JJ.