■ In the Matter of JOCELYNE J. and Another. ONEIDA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JEFFREY J. et al., Appellants. (Appeal No. 2.) [778 NYS2d 624]—

Appeal from an order of the Family Court, Oneida County (Bernadette T. Romano, J.), entered December 19, 2002 in a proceeding pursuant to Family Court Act article 10. The order adjudged that Jocelyne J. is a neglected child and that Walna J. is a derivatively neglected child and placed Jocelyne J. in the custody of petitioner and released Walna J. to the custody of respondents.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting respondents' motion in part and dismissing the petition with respect to Walna J. and as modified the order is affirmed without costs.

Memorandum: We conclude with respect to the order in appeal No. 1 that Family Court properly dismissed respondents' petition seeking approval of a surrender instrument filed with the court with respect to Jocelyne J. Respondents adopted Jocelyne in Haiti in 1997, and the adoption was terminated by a Haitian court on April 24, 2001, thereby rendering the petition moot. The termination of the adoption, however, did not deprive the court of jurisdiction over respondents or the neglect proceeding commenced by petitioner on April 27, 2001, which resulted in the order in appeal No. 2. Even assuming, arguendo, that respondents were not Jocelyne's parents, we conclude that they were "person[s] legally responsible for [Jocelyne's] care who [are] alleged to have . . . neglected such child" during the period of time in which the neglect is alleged to have occurred (Family Ct Act § 1012 [a]; *see* § 1012 [g]; *Matter of Julie K.,* 272 AD2d 986, 987 [2000]). The record does not support the contentions of respondents that the court was biased against them (*see*

*Matter of Angie M.P.,* 291 AD2d 932, 933 [2002], *lv denied* 98 NY2d 602 [2002]) or that they were prejudiced by allegedly improper comments made by petitioner's counsel in his summation (*see People v Marcano,* 157 AD2d 533 [1990]). Contrary to the further contention of respondents, the evidence is sufficient to establish that they neglected Jocelyne when, having raised her as their daughter for three years, they sent her back to Haiti without making appropriate arrangements for her return to their care and custody. Petitioner established that Jocelyne suffered impairment of emotional health that was "clearly attributable to the unwillingness or inability of the respondent[s] to exercise a minimum degree of care toward the child" (§ 1012 [h]; *cf. Matter of Cheyenne F.,* 238 AD2d 905 [1997]).

We reach a different conclusion, however, with respect to the court's finding that Walna J. has been derivatively neglected. "Although Family Court Act § 1046 (a) (i) allows evidence of abuse or neglect of one sibling to be considered in determining whether other children in the household were abused or neglected (*see, Matter of Christina Maria C.,* 89 AD2d 855), the statute does not mandate a finding of derivative neglect (*see, Matter of Rasheda S.,* 183 AD2d 770 )" (*Matter of Daniella HH.,* 236 AD2d 715, 716 [1997]). In our view, evidence of respondents' conduct toward Jocelyne does not provide any "reliable indicators" that Walna has been neglected or that she has been placed "at [a] substantial risk of harm" (*Matter of Dutchess County Dept. of Social Servs. v Douglas E.,* 191 AD2d 694, 694 [1993]). Rather, the evidence establishes that respondents cared for Walna appropriately. Indeed, her law guardian joined in respondents' motion to dismiss the petition and took the position that petitioner failed to establish that Walna was derivatively neglected. We agree and therefore modify the order in appeal No. 2 accordingly. Present—Pigott, Jr., P.J., Green, Pine, Wisner and Lawton, JJ.