# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**130**
**CAF 15-01276**
PRESENT: WHALEN, P.J., PERADOTTO, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

IN THE MATTER OF MADISON J.S., TYLER D.S.,
BENTLEY P.S., AND BROOKE R.S.
------------------------------------------          MEMORANDUM AND ORDER
STEUBEN COUNTY DEPARTMENT OF SOCIAL SERVICES,
PETITIONER-APPELLANT;

VICTORIA M. AND JASON W.,
RESPONDENTS-RESPONDENTS.

---

CASEY E. ROGERS, BATH, FOR PETITIONER-APPELLANT.

SALLY A. MADIGAN, ATTORNEY FOR THE CHILDREN, BATH.

---

Appeal from an order of the Family Court, Steuben County (Joseph W. Latham, J.), entered July 27, 2015 in a proceeding pursuant to Family Court Act article 10. The order, insofar as appealed from, dismissed the petition insofar as it alleged that Madison J.S., Tyler D.S. and Brooke R.S. were derivatively neglected by respondents.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner appeals from an order that, insofar as appealed from, dismissed its petition to the extent that it alleged that Madison J.S., Tyler D.S., and Brooke R.S. (the subject children) were derivatively neglected by respondents. We affirm. Although Family Court determined that respondents neglected Bentley P.S., a sibling of the subject children, and Family Court Act § 1046 (a) (i) permits evidence of that neglect to be considered in determining whether the subject children were neglected, "the statute does not mandate a finding of derivative neglect" (*Matter of Jocelyne J.*, 8 AD3d 978, 979), and "such evidence typically may not serve as the sole basis of a finding of neglect" (*Matter of Evelyn B.*, 30 AD3d 913, 914, *lv denied* 7 NY3d 713). Because there is no evidence in the record that the "neglect was repeated . . . [or] was perpetrated on multiple victims," and it is unclear whether the subject children "were nearby when the [neglect] occurred" (*Matter of Cadejah AA.*, 33 AD3d 1155, 1157), we conclude that the court did not err in refusing to make a finding of derivative neglect.

Entered:  February 11, 2016                    Frances E. Cafarell
                                               Clerk of the Court