OPINION OF THE COURT
Per Curiam.
In a fact-finding hearing to determine whether a child is abused or neglected, the provision of Family Court Act § 1046 (b) that a finding of neglect "must be based on a preponderance of the evidence” affords due process under the Federal Constitution.
This proceeding was brought by respondent Department of Social Services pursuant to Family Court Act article 10, alleging that appellant father, the custodial parent, was neglecting his three children. Article 10 sets forth a two-step procedure to identify and protect abused or neglected children. The first step is a fact-finding hearing at which abuse or neglect must be established by a preponderance of the evidence (Family Ct Act § 1012 [e], [f]; § 1044). If a child is determined to be abused or neglected, the court must thereafter hold a dispositional hearing to determine what order of disposition should be made (Family Ct Act § 1045). Among the dispositional options is placement out of the home for a period of 18 months.[1]
Here, the trial court, applying a preponderance standard, found that appellant’s children were neglected, and issued an order placing them with the Department of Social Services for 18 months. Appellant, citing Santosky v Kramer (455 US 745), contends that the fact-finding hearing was constitutionally infirm because the trial court should have applied a standard of clear and convincing evidence.[2] In Santosky, the Supreme Court addressed *4 the burden of proof required by the Constitution at the fact-finding stage in a permanent neglect proceeding held pursuant to article 6 of the Family Court Act, concluding that, "[bjefore a State may sever completely and irrevocably the rights of parents in their natural child, due process requires that the State support its allegations by at least clear and convincing evidence” (455 US, at pp 747-748).
Without doubt "[a] parent’s concern for the liberty of the child, as well as for his care and control” is a "fundamental * * * interest and right”, and due process must be afforded in article 10 proceedings (Matter of Ella B., 30 NY2d 352, 356). Determining how much process is due involves balancing "the private interests affected by the proceeding; the risk of error created by the State’s chosen procedure; and the countervailing governmental interest supporting use of the challenged procedure” (Santosky v Kramer, supra, at p 754; see, Mathews v Eldridge, 424 US 319). The balance of interests here differs materially from Santosky.
A neglect proceeding pursuant to Family Court Act article 6 may result in permanent termination of "the natural parents’ rights in the child. * * * Termination denies the natural parents physical custody, as well as the rights ever to visit, communicate with, or regain custody of the child.” (Santosky v Kramer, supra, at p 749.) By contrast, in an article 10 proceeding, the maximum initial period of placement is 18 months. An even more fundamental difference, however, relates to the risk of error. In an article 6 termination proceeding, the child has been in the care of an authorized agency for a period of more than one year (Social Services Law § 384-b [7]) and, as the court in Santosky observed, even if an article 6 termination proceeding fails for lack of proof, "a judge has ample discretion to ensure that * * * a child will not return to a hostile environment” (455 US, at p 766, n 16). The court noted that in Santosky itself, "when the State’s initial termination effort failed for lack of proof * * * the court simply issued orders under Fam. Ct. Act § 1055 (b) extending the period of the child’s foster home placement” (id.). Accordingly, "[f]or the child, the likely consequence of an erroneous failure to terminate is preservation of an uneasy status quo” (id., at pp 765-766). In article 10 proceedings, however, an erroneous failure to place the *5 child may have disastrous consequences. If abuse or neglect is not proved, the court must dismiss the petition (Family Ct Act § 1051 [c]). While the court may authorize temporary placement or protection (Family Ct Act § 1027 [a]), that placement or protection remains in effect only pending a final order of disposition, at which time the child is returned to the parents.
Accordingly, the order of the Appellate Division should be affirmed, without costs.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye, Alexander and Titone concur in Per Curiam opinion.
Order affirmed, without costs.

. While the initial placement may be extended for additional periods of one year each (Family Ct Act § 1052 [a]; § 1055 [b]) — and indeed the placement here was extended for one year — no challenge to the extension order is before us, and we thus do not consider any issue relating to the additional periods.

. We reach appellant’s constitutional argument after having determined that his other contentions are without merit. We agree with the conclusions of the Appellate Division (a) that the evidence as reflected in the affirmed findings was sufficient to support the trial court’s finding of neglect, and (b) that appellant failed to support his charge that the trial atmosphere was not fair and impartial. Moreover, Family Court’s dispositional order, entered by the same judge *4 two weeks after his extensive fact-finding determination and referring to the interests of the children as well as the situation created for them by appellant, adequately stated the grounds for the disposition (Family Ct Act § 1052 [b]; cf. Matter of Darlene T., 28 NY2d 391), and its disposition was not an abuse of discretion as a matter of law.