◼ In the Matter of JESSE F., a Child Alleged to be Permanently Neglected. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; WILLIAM H., Appellant. [597 NYS2d 511] —Levine J. Appeal from an amended order of the Family Court of Tompkins County (Friedlander, J.), entered February 11, 1992, which, in a proceeding pursuant to Social Services Law § 384-b, ruled that petitioner has discretion to determine whether respondent can have visitation with his child.

Jesse F. has been in foster care with petitioner since 1988. In January 1991, petitioner applied for the termination of respondent's parental rights respecting Jesse, on the ground of permanent neglect pursuant to Social Services Law § 384-b (4) (d), based on respondent's failure to maintain contact with or plan for Jesse's future.

At the scheduled hearing date in July 1991, respondent consented to Family Court making a finding of permanent neglect and proceeding to disposition. In response to Family Court's inquiry, respondent stated that he was acting pursuant to his "own free will" because he believed it to be "in Jesse's best interests" and that no one had forced or threatened him. Family Court adjudicated Jesse a permanently neglected child.

Upon proceeding to disposition, petitioner recommended that Jesse's guardianship and custody be committed to peti-

tioner but, for the time being, there should be visitation between respondent and Jesse. The order of adjudication and disposition subsequently entered reflects the understanding reached at the hearing, including that such "future visitation shall occur as agreed upon by [petitioner], [the foster mother], [respondent] and Jesse", but that the "visitation * * * shall not be terminated without prior approval of the Court".

Subsequently, in October 1991, petitioner moved by order to show cause on notice to respondent and his counsel for a modification of the dispositional order to permit petitioner discretion regarding both placement and visitation. The supporting affidavit stated that Jesse's behavior at school had "deteriorated steadily", that the foster mother and Jesse's therapist perceived "a relationship between visitation * * * with [respondent] and Jesse's outbursts of anger and frustration", and that the therapist recommended curtailing or terminating the visitation. An order was entered in November 1991 granting petitioner discretion to alter Jesse's placement as needed.

At the subsequent hearing in February 1992 on the order to show cause, the Law Guardian consented to a modification providing petitioner with discretion to determine visitation. Respondent failed to appear; his counsel was present and indicated that respondent had twice failed to respond to his letters. An amended order of disposition was entered granting petitioner discretion to determine whether there should be visitation between respondent and Jesse, and, if so, its manner and frequency. Respondent now appeals from that amended order.

Respondent claims that the initial order of adjudication and disposition should be vacated because of the incongruity in terminating parental rights and continuing visitation, and because he was induced to consent to a finding of permanent neglect on false promises of continued visitation. Further, he contends that the amended order was granted without affording him due process.

As a preliminary matter, respondent never appealed from or moved to vacate the initial dispositional order and, therefore, his objections related thereto are not properly before us. In any event, the record does not support his contention that he was misled or induced to consent only after being assured of continued visitation.

Additionally, we find respondent's claims unpersuasive that the amended order of disposition giving petitioner discretion

to determine future visitation with Jesse violated his due process rights. First, once respondent's parental rights were terminated after fully affording him due process, he lost any *parental* right to continued contact, and any right to visitation was exclusively defined by the initial dispositional order under which visitation was subject to change by further order of Family Court *(see, Matter of Tammie Z.,* 66 NY2d 1, 4; *see also, Santosky v Kramer,* 455 US 745, 760). Petitioner obtained the requisite approval from Family Court before changing respondent's visitation with Jesse. Respondent was, at most, entitled to notice and an opportunity to be heard on the issue *(see, Mathews v Eldridge,* 424 US 319, 332-335). Respondent fails on appeal to contradict the record evidence that he received notice and an opportunity to be heard before visitation was modified. Respondent failed to appear at the hearing. His assigned counsel appeared and stated that respondent had failed to respond to two letters he sent (which were not returned). Respondent has failed to establish any violation of his due process rights. Further, we find that Family Court possessed broad discretion to act in Jesse's best interest and to give petitioner, to whom custody of Jesse had previously been granted, the discretion to determine the terms of visitation, if any, with respondent.

Weiss, P. J., Mikoll, Yesawich Jr. and Casey, JJ., concur. Ordered that the amended order is affirmed, without costs.