■ In the Matter of COMMISSIONER OF SOCIAL SERVICES, on Behalf of GREGORY H. and Others, Children Alleged to be Neglected, Respondent, v GERALDINE H., Appellant. [628 NYS2d 797] —In a child protective proceeding pursuant to Family Court Act article 10, the mother appeals from an order of disposition of the Family Court, Kings County (Yancey, J.), dated March 9, 1994, which, upon a finding by the same court on August 11, 1993, that Gregory H. and Keisha H. were neglected children, *inter alia,* placed Gregory H. and Keisha H. with the Commissioner of Social Services for a period of 12 months. The appeal brings up for review the finding of neglect on August 11, 1993.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The petitioner agency met its burden of establishing by a preponderance of the evidence that the children Gregory H. and Keisha H. were neglected *(see, Matter of Tammie Z.,* 66 NY2d 1). The evidence presented by the agency's witnesses, including a psychiatrist and a psychologist, established that the mother was unable to adequately care for her children due to her mental and physical disabilities, that the children had suffered physical or emotional harm while in her care in the past, and that they were likely to suffer harm if returned to her care *(see,* Family Ct Act § 1012 [f] [i]; *see generally, Matter of Danielle M.,* 151 AD2d 240). Moreover, the mother's contention with respect to the neglect finding as to her youngest child, Beajay, is academic. The mother's parental rights to Beajay were terminated in a subsequent proceeding, and her appeal from that determination was dismissed.

The mother contends that the order of disposition was improper insofar as it placed the older children, Gregory and Keisha, with the petitioner agency for a period of one year. At the dispositional hearing, the mother conceded that she might not be able to care for Beajay but requested the immediate return of the two older children. We find no basis on this record to disturb the Family Court's determination that, even if certain supportive services were provided to the mother, the children would be at risk of harm if returned to her care. Al-

though the order of placement has expired, we note that a proceeding to extend placement is pending. O'Brien, J. P., Ritter, Copertino and Krausman, JJ., concur.