■ In the Matter of MARIBELL D. and Others, Children Alleged to be Neglected. SULLIVAN COUNTY DEPARTMENT OF SOCIAL SERVICES, Petitioner; ROSE E., Respondent; STEVEN H. KURLANDER, as Law Guardian, Appellant. [639 NYS2d 174] —Mercure, J.

It appears that in January 1993, an order of disposition was made in this Family Court Act article 10 proceeding, brought by petitioner on behalf of respondent's children. The record on appeal provides no information as to the factual allegations underlying the proceeding or Family Court's findings, but it appears that there was a determination of abuse or neglect and the children continued to reside with respondent thereafter. The order of disposition was subsequently modified on two occasions: on January 18, 1994, Family Court extended its jurisdiction over respondent until January 6, 1995 and directed petitioner to supervise respondent; on May 27, 1994, preventive services to respondent's household were terminated, effective September 1, 1994. In October 1994, the children's Law Guardian sought to further modify Family Court's order of disposition by having petitioner's preventive services reinstated upon the stated grounds that respondent was living with Salvatore Castro, an individual alleged to have exhibited violence toward his own children, and that respondent and Castro had both been arrested for "violent behavior".

At the ensuing hearing, neither respondent nor her counsel appeared, and Family Court directed the Law Guardian to proceed with his case. The Law Guardian called one witness, respondent's probation officer, who offered no relevant testimony except to state that respondent had fully complied with the terms of her probation and that she no longer lived with Castro because Castro had assaulted her, had been charged with assault in the third degree and was presently in jail. Finally, at the Law Guardian's request, Family Court took judicial notice of a July 5, 1994 order in a custody proceeding involving Castro that limited Castro to supervised visitation with his natural child and required him to attend a substance abuse program. Family Court then dismissed the modification petition upon the basis of the Law Guardian's failure to produce any competent evidence of respondent's failure to take adequate steps to protect her children. The Law Guardian appeals.

We affirm. We agree with Family Court's conclusion that the Law Guardian did not satisfy his burden of establishing respondent's failure to adequately protect and supervise her children by a fair preponderance of the credible evidence (see, Family Ct Act § 1046 [b] [i]; Matter of Tammie Z., 66 NY2d 1). Presented in a vacuum, as it was, the mere fact that limitations had been placed on Castro's visitation with his own child did not competently establish that respondent's children were in danger, particularly in view of the fact that, at the time of the hearing, he was in jail and no longer living with respondent. Further, the record supports a finding that respondent acted responsibly and took appropriate steps to protect her children by causing Castro's arrest and incarceration.

Nor are we persuaded that Family Court erred in refusing to adjourn the hearing and in failing to abide by "local custom" in timely issuing subpoenas requested by the Law Guardian. Contrary to the Law Guardian's representation on appeal, his stated ground for the requested adjournment of the hearing was not that the subpoenas were untimely issued or that the subpoenaed witnesses had failed to appear, but that respondent and her counsel were not present. As such, the Law Guardian has failed to preserve these issues for our review.

Cardona, P. J., Crew III, White and Casey, JJ., concur. Ordered that the order is affirmed, without costs.