(December 27, 2001)

■ In the Matter of ALISA V. and Others, Children Alleged to be Neglected. A. V., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent, et al., Respondent. [735 NYS2d 56] —Orders, Family Court, New York County (Jody Adams, J.), entered on or about May 22, 2000, which, to the extent appealed from, upon a fact-finding hearing, determined that appellant father had neglected his children, unanimously reversed, on the law, without costs, and the neglect petition dismissed.

We reverse the finding of neglect made after a fact-finding hearing under Family Court Act article 10, and dismiss the neglect petition, because the record shows that the Administration for Children's Services (ACS) did not prove by a preponderance of the evidence (*see, Matter of Tammie Z.*, 66 NY2d 1) that appellant father inflicted excessive corporal punishment

on his daughter (date of birth, Sept. 4, 1989), that he placed her in imminent risk of harm by engaging in domestic violence (Family Ct Act § 1012 [f] [i] [B]), or that he has a mental illness that makes him a threat to his children. The neglect petition also alleged two derivative counts: that the mother, who is not a party to this appeal, knew or should have known of appellant's propensity for violence, but failed to protect the children, and that due to excessive corporal punishment inflicted on the daughter, the son was also at risk of being abused.

The allegations in the petition that appellant had hit his wife and his daughter were based solely on statements he initially made to his family nurse practitioner, Joy Favuzza, and then to a psychologist, Dr. Sonia Orenstein, to whom he was referred by nurse Favuzza. His wife and his daughter consistently denied ever being hit by appellant. The son confirmed that appellant had never beaten his sister or their mother. The ACS caseworker, Raquel Pittman, testified that she saw no evidence of abuse or domestic violence, nor did she sense any indication of its existence in her interviews with the family. Ms. Pittman spoke with the daughter's pediatrician and teacher, both of whom stated that they never saw any evidence of abuse. Dr. Lawrence Westreich, an expert in psychiatry and addiction, who testified on behalf of appellant, met with everyone in the family except for the son, and interviewed the pediatrician and the teacher, and arrived at the same conclusion.

A few days after the admissions to nurse Favuzza and Dr. Orenstein, they, as mandated reporters under Social Services Law § 413, filed a report with the State Central Register of Child Abuse and Maltreatment. The register in turn notified ACS. Appellant admitted making the statements but denied their content. He explained that he made those statements because he felt that his request for a referral to someone who would help him stop smoking would otherwise be denied. He later testified that it had happened in a vivid nightmare, which was a side effect of his use of nicotine patches.

The law guardian, who argues that the petition should be dismissed, nonetheless finds appellant's initial statement of abuse and his contention that it never happened to be bizarre. However, the testimony of appellant's psychiatric experts, Dr. Westreich and Dr. Steven Hurwitz, renders plausible his denial that the abuse only happened in a nightmare. Dr. Westreich and Dr. Hurwitz agreed that when appellant made the statements, he was probably suffering from delusional episodes caused by nicotine withdrawal or the use of a nicotine patch.

ACS's psychiatric expert, Dr. Paul Rosen, although not an expert in nicotine addiction, testified that he could not say that the father's statements were not or could not have been the result of delusional behavior caused by nicotine withdrawal or use of a nicotine patch. Dr. Orenstein admitted that based upon appellant's actions, statements, demeanor, and tone of voice, he could have been delusional.

ACS's position that appellant's denials of abuse should not be credited implies that the rest of the family is untruthful. There is no evidence that that is the case. The family's denial of abuse is additionally supported by the testimony of the daughter's teacher and pediatrician. Thus, in light of the family's denial of abuse, the lack of corroborating evidence that abuse occurred, and the experts' testimony concerning the illusions and the reasons for them, petitioner did not sustain its burden. Concur—Sullivan, P. J., Rosenberger, Nardelli, Rubin and Friedman, JJ.