Matter of M/B Child (2005 NY Slip Op 50884(U))

[*1]

Matter of M/B Child

2005 NY Slip Op 50884(U)

Decided on April 13, 2005

Family Court, Kings County

Elkins, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 13, 2005

Family Court, Kings County
IN THE MATTER OF M/B Child, A Child under the age of eighteen, alleged to have been Neglected within the meaning of Article 10 of the Family Court Act, by S.M. and K.B., Respondents.
NN 26406/04

Lee H. Elkins, J.
This is a proceeding, brought under Family Court Act article 10, alleging that as a result of the mother's cocaine abuse, about which the father knew or should have known, the father of the child failed to exercise a minimum degree of supervision and guardianship of the child, causing the child's physical, mental or emotional condition to have been impaired or to be in imminent danger of becoming impaired. [FCA 1012[f][i][B]]
The court made a finding upon inquest, as to the respondent mother, that she neglected the new born. The evidence showed that the respondent mother gave birth to the subject child on November 28, 2004. The respondent mother had a positive toxicology for cocaine upon admission to the hospital, in labor. The infant was born with a positive toxicology for cocaine, and the hospital diagnosed the child with cocaine exposure in utero. The infant was unable to be discharged from the hospital until December 6, 2004. When interviewed by a case worker in the hospital on December 2, the mother admitted that she had abused cocaine since she was in the tenth grade. She stated that she used cocaine every two to three weeks during her pregnancy. She stated that she was not participating in a drug treatment program, despite a prior finding of neglect in 1992, based upon her cocaine use. [NN 884/92] In making the finding of neglect against her, the court applied the permissible inference under FCA § 1046 [a][iii]. [See, Matter of Dante M., 87 NY2d 73 [1995]]
The court dismissed the petition as to the father, upon inquest.[FN1] The case worker testified that when she interviewed the father, he denied knowing of the mother's substance abuse. [T. 3-2-05 p 9] The father stated that he met the mother three years previously, through a friend. He also stated that he lived with the mother for the last six or seven months before the child's birth. The petitioner did not present any other evidence as to the father, apart from the statements of the mother.
The petitioner must prove parental neglect by a preponderance of competent, material and relevant evidence. [FCA § 1046 [b]] The petitioner is required to meet this statutory standard even upon inquest. Family Court Act § 1042 states that "[i]f the parent or other person legally responsible for the child's care is not present, the court may proceed to hear a petition under this [*2]article...." As noted by one appellate court, "[t]his language implies that, even in the absence of respondents, the fact-finding hearing should ... proceed[] so long as the children [are] represented * * * . It has been observed that the purpose of the language in the first sentence 'is to ensure that there is a full and orderly exploration of the evidence and facts surrounding the alleged abuse and neglect even if the parents are absent' (Besharov, Practice Commentaries, McKinney's Cons. Laws of NY, Book 29A, Family Ct. Act § 1042, at 119). * * * Accordingly ... Family Court must hold a fact-finding hearing on the merits of the petition." [In re Cassandra M., 260 AD2d 961, 963 [3rd Dept.1999]]
A finding of neglect may properly be entered against a father who, knowing of the mother's substance abuse, fails to take steps that a reasonably diligent and prudent parent should take in order to prevent the child from being born with exposure to cocaine. [See, e.g., Matter of K. Children, 254 AD2d 764 [2nd Dept. 1998] ["despite having knowledge of the mother's recent history of drug abuse, the father failed to exercise a minimum degree of care in ensuring that the mother did not abuse drugs during her pregnancy with the youngest child."]; accord., Matter of R./W. Children, 240 AD2d 207 [1st Dept. 1997]] The principle extends to a father who should have known of the mother's substance abuse [Matter of Kanika M., 270 AD2d 490 [2nd Dept. 2000]], had he exercised his responsibility to the child as a reasonable and prudent parent. [See, e.g.,, Matter of Alena O., 220 AD2d 358, 361 [1st Dept. 1995]] Although the standard is an objective one, it does not impose absolute liability. As the Court of Appeals has noted, "[t]he statute is fault based. There must be evidence of child abuse [or neglect] and petitioner must establish it by 'a preponderance of the evidence' (Family Ct. Act § 1046 [b][i]; and see, Matter of Tammie Z., 66 NY2d 1, 494 N.Y.S.2d 686, 484 N.E.2d 1038)." [Matter of Philip M., 82 NY2d 238, 243-244 [1993]]
In the instant case the evidence against the father, apart from the mother's statements, proves that the mother tested positive for cocaine upon admission to the hospital to give birth to the child, who also had a positive toxicology for cocaine, and that the father lived with the mother for the last six months of her pregnancy. Although the petitioner also proved that the mother had a prior neglect finding based upon substance abuse, twelve years ago, the father denied any knowledge of the mother's substance abuse. As once noted by the Second Department, there is an "inequity in holding a father responsible for a mother's prenatal drug use which resulted in an at-birth positive toxicology for cocaine in the child...." [Matter of Alfredo S., 172 AD2d 528 [2nd Dept. 1991], app. dismissed, 78 NY2d 899], in the absence of any other evidence that the father knew or should have known of the mother's substance abuse. The court in the cited opinion, concluded that it is not legally sufficient to support a finding of paternal unfitness, to "attribute responsibility to the father for the mother's prenatal drug use, her admitted addiction to cocaine, and the finding of neglect against her..." [Id. at p. 532] in the absence of additional evidence to establish the father's own failure to exercise the requisite minimum degree of care to protect the child at birth.
The mother's statements here are inadmissible against the father. The statements of one respondent are not admissible against the other respondent simply by virtue of their having been [*3]joined in the action. [See, e.g., Morrissey v City of New York, 221 AD2d 607 [2nd Dept. 1995]] Nor does the fact that the respondents have a child in common establish the requisite legal relationship which would enable the court to attribute the admissions of the mother to the father. Even marriage does not give rise to an agency relationship upon which the admissions of one spouse may be received in evidence as to the other. [See, e.g., Sujak v Buono, 238 AD2d 405 [2nd Dept. 1997]] There is no evidence that the respondent father was present when the mother described the length and frequency of her substance abuse. Consequently, he cannot be said to have adopted the mother's admissions, even were there a basis to conclude that he would have had independent knowledge of the facts as she related them. The joint responsibility of the respondent parents for the child does not establish the necessary nexus, based upon a theory of joint liability for neglect. [See, Richardson on Evidence, § 245 [Prince10th ed.]]
Finally, the mother's statements are not otherwise admissible under any exception to the hearsay rule. Although the mother clearly was unavailable as a witness at trial, there is no basis for concluding that her statements are independently admissible as a declaration against interest. [See, generally, Kelleher v. F.M.E. Auto Leasing Corp., 192 AD2d 581 [2nd Dept. 1993]] Although the declaration against penal interest exception to the hearsay rule has been accepted in New York since 1970 [See, People v. Brown, 26 NY2d 88 [1970], New York has never prosecuted a mother for exposing a fetus in utero, to cocaine. [See, e.g., S.O.S. From the Womb: A Call for New York Legislation Criminalizing Drug Use During Pregnancy, 21 Fordham Urb. L.J. 199 [1993]] Nor has this court found any decision within our jurisdiction which would extend the concept of a declaration against proprietary interest to the custody of the declarant's child. Generally, proprietary interests are limited those affecting property, real or personal, as opposed to social interests. [See, Richardson on Evidence, § 259 [Prince 10th ed.]][FN2]
For the foregoing reasons, the petition against the respondent father is dismissed. The matter is adjourned for a dispostional hearing. [FCA 1047]
April 13, 2005______________________________
[*4]
Lee H. Elkins, JFC

Footnotes

Footnote 1: The father subsequently appeared and has participated in the dispositional proceedings.

Footnote 2: An expansive interpretation of the hearsay exception would also appear contrary to recent trends, requiring an historical basis for curtailing a party's right to confront witnesses against him or her. [Crawford v Washington, 541 U.S. 36 [2004]; see, e.g., People v. Hardy, 4 NY3d 192 [2005], overruling People v. Thomas, 68 NY2d 194 [1986] [codefendant's plea allocution inadmissible eventhough it qualified as a declaration against penal interest, in light of Crawford]] Although Crawford and its progeny appear to apply exclusively to the right of confrontation in criminal proceedings, the principles articulated therein caution against expansion of traditional hearsay exceptions to curtail a litigant's right to confront witnesses in civil proceedings involving important interests, such as the right to continued custody of one's child.