Order, Family Court, Bronx County (Monica Drinane, J.), entered on or about February 23, 2011, which, upon a fact-finding determination that respondent father neglected the subject child, ordered the child released to her mother’s custody under 12 months of supervision by petitioner Administration for Children’s Services, awarded respondent visitation, and ordered him to complete certain services and not to engage in any further acts of domestic violence in the presence of the child, unanimously affirmed, without costs.
The finding of neglect was supported by a preponderance of *623 the evidence (see Family Ct Act § 1046 [b] [i]; Matter of Tammie Z., 66 NY2d 1, 3 [1985]). The record establishes that while in the presence of his then three-year-old daughter, respondent struck the mother in the face during a heated argument inside a van while the vehicle was parked in a garage. The parents later continued their argument outside the vehicle, and it was so loud that bystanders intervened, but not before respondent struck the mother in the face several more times, breaking her nose, bloodying her face and causing several bruises. A child protective specialist and a licensed clinical social worker both testified that the child consistently maintained that she saw respondent strike her mother in the face. The child was reportedly sad and upset when recounting the incident.
Under these circumstances, the court properly found that due to respondent’s actions, the child was placed in imminent risk of physical, mental, and/or emotional harm, and had actually suffered emotional harm by what she had witnessed (see Family Ct Act § 1012 [f] [i]; Matter of Jared S. [Monet S.], 78 AD3d 536 [2010], lv denied 16 NY3d 705 [2011]).
We see no reason to disturb the court’s evaluation of the evidence, including its credibility determinations, as the findings were clearly supported by the record (see Matter of Ilene M., 19 AD3d 106 [2005]). Concur — Tom, J.P., Andrias, Friedman, Moskowitz and Renwick, JJ.