■ In the Matter of SADE B. and Others, Children Alleged to be Abused and/or Neglected. SCOTT M., Appellant; COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Respondent. [960 NYS2d 85]—

Order of fact-finding, Family Court, New York County (Rhoda J. Cohen, J.), entered on or about September 14, 2011, which determined, after a fact-finding hearing, that respondent-appellant had abused Ashanti C., a child for whom he was legally

responsible, and derivatively neglected Sade B. and Sapphire B., his biological children, unanimously affirmed, without costs.

The findings that respondent abused Ashanti, which were the only findings challenged, were supported by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]; *Matter of Tammie Z.*, 66 NY2d 1, 3 [1985]). The court properly found that Ashanti's out-of-court statements were sufficiently corroborated by both her sister's out-of-court statements to the caseworker and her mother's testimony (*see* Family Ct Act § 1046 [a] [vi]; *Matter of Nicole V.*, 71 NY2d 112, 119 [1987]). There is no reason to disturb the court's evaluation of the evidence, including its credibility determinations, as the findings were clearly supported by the record (*see Matter of Ilene M.*, 19 AD3d 106, 106 [1st Dept 2005]).

As the preponderance of the evidence supported the findings, the court's improper admission of largely irrelevant evidence relating to respondent's character, and improper denial of respondent's motion to obtain Ashanti's school records, constitutes harmless error. Concur—Tom, J.P., Andrias, Freedman, Román and Gische, JJ.