OPINION OF THE COURT
Ajstn E. O’Shea, J.
This matter came before the court on inquest after respondent, the biological mother of the subject child T.G., failed to appear on January 22, 2016, March 4, 2016, or in response to a notice of inquest, on July 6, 2016. The petition in this proceeding alleges that respondent, who is the biological mother of the subject child, neglected the child by failing to provide her with proper supervision and guardianship.
In order to establish that respondent neglected the subject child, petitioner was required to show, by a preponderance of the relevant, competent, and material evidence (Family Ct Act § 1046 [b] [i]), first, that the child’s physical, mental or emotional condition was impaired or placed in imminent danger of becoming impaired, and second, that the actual or threatened harm to the child was a result of respondent’s failure to exercise a minimum degree of care in providing the child with proper supervision or guardianship (Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]).
The first element requires proof of actual — or imminent danger of — physical, emotional, or mental impairment to the child (Matter of Nassau County Dept. of Social Servs. v Denise J., 87 NY2d 73, 78-79 [1995]). The focus must be on “serious harm or potential harm to the child, not just on what might be deemed undesirable parental behavior” (Nicholson, 3 NY3d at 369). “[I]mminent danger of impairment to a child is an independent and separate ground , on which a neglect finding may be based” (Denise J., 87 NY2d at 79), but the danger “must be near or impending, not merely possible” (Nicholson, 3 NY3d at 369).
These evidentiary requirements and standards must be met even upon inquest (see Matter of MHP, 45 Misc 3d 1224[A], 2014 NY Slip Op 51704[U] [Fam Ct, Kings County 2014]; *364 Matter of M/B Child, 8 Misc 3d 1001[A], 2005 NY Slip Op 50884[U] [Fam Ct, Kings County 2005]).
The Court of Appeals in Nicholson rejected the use of a presumption of neglect where a parent had allowed a child to witness domestic violence, holding that this bare allegation did not meet the Family Court Act’s requirements, and emphasized that a finding of neglect was only permissible where the evidence established actual or imminent harm to the subject children (Nicholson, 3 NY3d at 371). The Court similarly, rejected a presumption that an untreated sex offender residing with his or her children is a neglectful parent in Matter of Afton C. (James C.J (17 NY3d 1 [2011]).
Unlike physical injury, which may be observed and easily diagnosed, whether a child’s mental or emotional condition has been impaired or placed at risk of impairment “may be murky” (Nicholson, 3 NY3d at 370). “[impairment of mental or emotional condition” is specifically defined to include
“a state of substantially diminished psychological or intellectual functioning in relation to, but not limited to, such factors as failure to thrive, control of aggressive or self-destructive impulses, ability to think and reason, or acting out or misbehavior, including incorrigibility, ungovernability or habitual truancy; provided, however, that such impairment must be clearly attributable to the unwillingness or inability of the respondent to exercise a minimum degree of care toward the child.” (Family Ct Act § 1012 [h]; see Nicholson, 3 NY3d at 369-370.)
In this proceeding, Administration for Children’s Services (ACS) Child Protective Specialist Griffin testified that the subject child T.G. reported to her that, on or about July 29, 2015, when she was approximately seven years old and having an overnight visit with her mother, she slept in a bed with her mother and her mother’s boyfriend, and that she woke to see her mother taking pictures of the naked boyfriend.
The child’s legal guardian and maternal aunt S.B. testified that the mother admitted having sex with her boyfriend while T.G. was in the bed. T.G. reported to Ms. B. that her mother “was doing nasty things in the bed with her boyfriend.” She also reported that her mother showed her pictures of naked men on her phone. Ms. B. also testified that T.G. appeared “normal” when she was reporting these things.
*365 While the court finds that ACS established that mother failed to provide the child with proper supervision and guardianship, ACS offered no evidence that T.G. suffered any actual or threatened physical harm, nor did ACS offer any evidence that T.G. suffered “substantially diminished psychological or intellectual functioning” (Family Ct Act § 1012 [h]), as a result of the mother’s failure to provide proper supervision and guardianship. The court is not free to simply assume or presume that a child’s mental or emotional condition has been impaired as a result of the mother’s conduct. Some evidence is required (see e.g. Matter of Lonell J., 242 AD2d 58 [1st Dept 1998] [repeated vomiting, soiled bedding, poor health, eating problems]; Matter of Theresa CC., 178 AD2d 687 [3d Dept 1991] [behavioral problems, anxiety, bed-wetting, rebellion, withdrawal]). And, while a trier of fact may draw the strongest inference that the opposing evidence permits against a party who fails to appear and testify in a civil proceeding, particularly with respect to matters he would be in a position to refute (Matter of Nassau County Dept. of Social Servs. v Denise J., 87 NY2d 73 [1995]), “the strongest negative inference cannot provide a missing element of proof” (Matter of Tysean P. v Richard S., 39 Misc 3d 1232[A], 2013 NY Slip Op 50837[U], *4 [Fam Ct, Kings County 2013]).
In the absence of evidence that the child’s physical, mental, or emotional condition was impaired or placed in imminent danger of impairment, the petition is dismissed.