Matter of Alisha A. (Nelson V.) (2019 NY Slip Op 03439)





Matter of Alisha A. (Nelson V.)


2019 NY Slip Op 03439


Decided on May 2, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 2, 2019

Acosta, P.J., Friedman, Manzanet-Daniels, Gesmer, Singh, JJ.


9195

[*1]In re Alisha A., A Child under Eighteen Years of Age, etc., Nelson V., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


Law Office of Cabelly & Calderon, Jamaica (Lewis S. Calderon of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Janet L. Zaleon of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Susan Clement of counsel), attorney for the child.



Order of fact-finding and disposition (one paper), Family Court, New York County (Jane Pearl, J.), entered on or about October 23, 2017, insofar as it determined that respondent Nelson V. was a person legally responsible for the subject child, and sexually abused her, unanimously affirmed, without costs.
The determination that respondent sexually abused the child Alisha A. is supported by a preponderance of the evidence (see Family Ct Act §§ 1046[b][i]; 1012[e][iii][A]; Matter of Tammie Z., 66 NY2d 1 [1985]). The Family Court was in the best position to observe the witnesses and assess their demeanor, and there is no basis to disturb its credibility determinations (see Matter of Irene O., 38 NY2d 776, 777 [1975]; Matter of Nasir J., 35 AD3d 299 [1st Dept 2006]).
The record supports the Family Court's determination that, at the time of the abuse, respondent was a person legally responsible for the child, because he cared for her and assumed other household duties during the period in which the abuse occurred. He also held her out as his daughter, and arranged a family outing that included her with his then-girlfriend and her family. Appellant's contentions that he had no relationship with Alisha A. were rebutted not only by the testimony of the child and her mother, but by the testimony of his girlfriend on his behalf. The fact that he may not have lived with the child consistently does not preclude the finding that he was legally responsible for the child's well-being during the relevant period (see Matter of Yolanda D., 88 NY2d 790 [1996]; Matter of Christopher W., 299 AD2d 268 [1st Dept 2002]).
We have considered appellant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 2, 2019
CLERK