Matter of Chance Y. (Danielle Y.) (2019 NY Slip Op 07032)





Matter of Chance Y. (Danielle Y.)


2019 NY Slip Op 07032


Decided on October 1, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 1, 2019

Friedman, J.P., Tom, Webber, Gesmer, Oing, JJ.


9973A 9973

[*1] In re Chance Y., and Another, Dependent Children Under the Age of Eighteen Years, etc., Danielle Y., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


Larry S. Bachner, New York, for appellant.
Zachary W. Carter, Corporation Counsel, New York (Antonella Karlin of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Polixene Petrakopoulos of counsel), attorney for the children.



Order of disposition, Family Court, New York County (Clark V. Richardson, J.), entered on or about January 5, 2018, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about August 23, 2017, which found that respondent neglected the subject children, unanimously affirmed, without costs. Appeal from fact-finding order unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
Respondent failed to preserve her argument that Family Court Act § 1046(b)(i) violates the Constitution insofar as it permits a child to be removed from a parent's care and placed into foster care upon evidence that is less than clear and convincing. In any event, the argument is unavailing. "In a fact-finding hearing to determine whether a child is abused or neglected, the provision of Family Court Act § 1046(b) that a finding of neglect must be based on a preponderance of the evidence' affords due process under the Federal Constitution" (Matter of Tammie Z., 66 NY2d 1, 3 [1985]).
The finding of neglect is supported by a preponderance of the evidence, which showed that respondent was paranoid and delusional, which affected her ability to care for the children (see Matter of Ruth Joanna O.O. [Melissa O.], 149 AD3d 32 [1st Dept 2017], affd 30 NY3d 985 [2017]). When the petition was filed, the children, who were then three years old and one year old, were dependent on respondent's care. Medical records demonstrate that respondent showed signs of delusional disorder, paranoid schizophrenia, brief psychotic disorder, and depression with psychosis. Other evidence demonstrates that respondent made repeated unfounded allegations of physical and sexual abuse against her mother's longtime male companion, including the allegation that the children, who were nonverbal, articulated sentences describing sexual abuse, and that the companion had burned the children's hands and feet, although a physical examination revealed no marks on them. Respondent also insisted that the children [*2]undergo further invasive medical examinations because she was not satisfied that the reports showed no sign of abuse.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 1, 2019
CLERK